THE EAST HILL COAL & SUPPLY CO. *v.* CITY OF
CINCINNATI ET AL.

*Injunction—Enforcement of penal ordinance of municipality
cannot be enjoined—Constitutionality to be determined in
action at law.*

A chancery court will not take jurisdiction, by injunction, to
restrain a municipality from enforcing a penal ordinance
alleged to be invalid, since its constitutionality may be
tested in an action at law by the city to enforce the ordi-
nance.

(Decided February 25, 1924.)

APPEAL: Court of Appeals for Hamilton county.

*Messrs. Mallon & Vordenberg* and *Mr. Harry E.
Marble,* for plaintiff.

*Mr. Saul Zielonka,* city solicitor; *Mr. Dennis J.
Ryan,* and *Mr. Max M. Schiff,* assistant city solici-
tors, for defendants.

CUSHING, J.  The petition in this case attempts
to state an action in equity.  It recites the owner-
ship of the property, its location, value, and use;
also the ordinance and amendment.  It charges bad
faith on the part of council in enacting the amend-
ment; that the ordinance is unconstitutional, in that
it provides that it shall take effect on the action
and in the discretion of seventy-five per cent of
the property owners of certain city squares; that
the taking effect of the ordinance is thereby vested
in a group of people other than the city council;
and that said amendment discriminates against the
coal business of plaintiff in favor of similar busi-

Injunctions, 32 C. J. § 416.

nesses in other parts of Cincinnati and in Norwood.

Plaintiff prays that it may be permitted to use its said property as heretofore, and be protected against the invasion of its property rights by defendants, and that defendants be restrained from in any way interfering with, molesting, hindering or preventing the conduct of plaintiff's said business and property.

The defendants answered, praying that they be dismissed and go hence without day.

Plaintiff's action is based on Section 452-4 of Ordinance No. 23, 1921, as amended January 18, 1921. Section 984 of said ordinance provides:

"Any person violating the provisions of Sections * * * 452-4, shall be fined in any sum not exceeding twenty-five dollars, together with the costs of the prosecution."

This is an attempt to enjoin the enforcement of a penal ordinance.

It is admitted by the pleadings that council duly passed the ordinance in question. While praying for an injunction, this action is prosecuted for the purpose of testing the constitutionality of the ordinance.

It was held by this court in the case of *Howard* v. *City of Dayton,* No. 523 Montgomery county, decided December 28, 1922, that a court of equity does not have jurisdiction to enjoin the enforcement of an ordinance merely because it may be illegal or unconstitutional, unless circumstances are shown which bring the case within some clear ground of equitable relief.

In the case of *Yutze* v. *Copelan,* 17 Ohio App., 461, decided by this court March 26, 1923, this court refused to consider the constitutionality of an ordi-

nance on the ground that plaintiff had an adequate remedy at law, and that the defense of the invalidity of an ordinance was available on an attempt to enforce a penal ordinance. The court said, page 462:

"Plaintiff in error claims that Section 973 of the Code of Ordinances of the city of Cincinnati is unconstitutional. * * * Had error been prosecuted to the judgment of the municipal court, the question of the validity of the ordinance could have been presented for determination."

In above case the court refused to consider the validity of the ordinance in question, on the ground that plaintiff in error had an adequate remedy at law.

So far as the record shows, in the case we have here there was no attempt on the part of the city to enforce this ordinance, and, if such an attempt were made, the constitutionality of the ordinance could be interposed as a defense in such an action at law.

The plaintiff has not had its rights established in an action at law, and, therefore, no suit in equity lies to enjoin the city from proceeding under the ordinance.

Under Section 6, Article IV of the Constitution of the state of Ohio, this court has appellate jurisdiction to restrain a municipality, by injunction, from enforcing a penal ordinance. In this view of the case, the action will be dismissed.

*Petition    dismissed.*

BUCHWALTER and HAMILTON, JJ., concur.