## PLATT *v.* HARRISON, *Sheriff.*

After conviction of a criminal offence, by a court having jurisdiction though the conviction may be irregular or erroneous, the party is not entitled to a writ of *habeas corpus.*

The judgment and proceedings of a competent court cannot be revised in another court, upon *habeas corpus.*

Where a party convicted of a criminal offence, has a perfect, well defined, and complete remedy, in the regular and usual method of appeal, he is not entitled to a writ of *habeas corpus.*

Chapter 127 of the Code, which regulates the writ of *habeas corpus*, refers to preliminary examinations, to ascertain whether an offence has been committed, and where the defendant has been committed to answer, before the district court, for an offence charged.

Where a party was found guilty of the offence of selling goods at auction, within the corporate limits of a city, without having obtained a license, as required by an ordinance of the city council, before the police magistrate of the city, and in default of payment of the fine imposed, was placed in the custody of the sheriff of the county, under a proper mittimus; and where, while thus detained in custody, he sued out from the district court, a writ of *habeas corpus*, upon the ground that the city council had no power, under the city charter, to pass the ordinance, and that the same was null and void; and where, on the hearing, the defendant was discharged by the district court: *Held*, That the district court had no power or authority to examine into the legality or regularity of the conviction before the police magistrate, under a writ of *habeas corpus.*

*Certiorari from Linn District Court.*

MONDAY, JUNE 7.

Platt was found guilty of the offence of selling goods, wares, &c., at public auction, within the corporate limits of Iowa City, without having a license, as required by an ordinance of the city council. The trial and proceedings were before the proper police magistrate of the city. The fine was assessed at $25, and the defendant ordered to be imprisoned for fifteen days, unless the fine and costs should be sooner paid. Under the proper *mittimus,* he was placed in the custody of Harrison, as sheriff, and while thus detained, he applied to the district court of Linn county for the writ of *habeas corpus,* on the ground that the city council had no power or authority, under and by virtue of the charter of said city, to pass the ordinance in question, and that such ordinance was null and void. On the hearing, Platt was discharged, and Harrison, the sheriff, now prosecutes this writ.

*J. D. Templin & Co.,* for the plaintiff in error.

*Clarke & Henley,* for the defendant in error.

WRIGHT, C. J.—The discharge of the prisoner is attempted to be sustained, upon the ground that the city council had no power to pass the ordinance under which he was convicted. It seems to us, however, that we should first inquire, whether the district court had any power or authority to examine into the legality, or regularity of the conviction, under this writ. For, if there was no right to make this examination, then it is immaterial to the present inquiry, whether the council had, or had not, the power to pass the ordinance. To this question, therefore, we direct our attention.

The police magistrate of Iowa City is conservator of the peace; is invested with exclusive original jurisdiction for

the violation of the city ordinances; and with criminal and civil jurisdiction limited to said city. From his decisions, appeals are allowed to the district court of the county, in all cases, in the same manner as appeals from the judgment and decisions of a justice of the peace. Laws of 1857, p. 435, ch. 255, sec. 1, 2. In this case it is conceded that an ordinance was passed, and in force, punishing the offence with which the petitioner was charged, and for which he was convicted. It is also admitted that the magistrate had jurisdiction to hear and determine the case; that he did hear and determine it, finding the petitioner guilty, and ordering him into custody. But the argument is, that the ordinance was passed without authority of law, and was null and void. Whether it was or not, was a legitimate subject of inquiry by the magistrate, in the same manner as any other question which might be presented for his adjudication. And being determined by him, adverse to the position of the prisoner, his remedy was by appeal, or writ of error, and not by *habeas corpus.* It is not a case where a court has acted without having jurisdiction. On the contrary, the most that can be claimed is, that the magistrate *erred* in deciding that the ordinance was in force, and that the city had the power and authority to provide for the punishment of the offence. Such cases, we do not think, can be reviewed in this manner. The petitioner has a perfect, well defined, and complete remedy, in the regular and usual method of appeal. After conviction by a court having jurisdiction, though the conviction may be irregular or erroneous, the party is not entitled to this writ. The judgment and proceedings of another competent court, cannot be revised upon *habeas corpus.* This, we understand to be well settled. *Commonwealth* v. *Lecky,* 1 Watts, 68; *Case of Yates,* 4 Johns., 317; 2 Kent, 26, 33; *Storer* v. *The State,* 4 Mo., 614; *Riley's Case,* 2 Pick., 172; *Bk. U. S.* v. *Jenkins,* 18 Johns., 305; *ex parte, Watkins,* 3 Peters, 193; *Johnson* v. *U. S.,* 3 McLean, 89; Code, secs. 2245, 6, 7, 8.

Under the Code, it is true, that the proceedings of a

committing magistrate may be reviewed upon *habeas corpus*, but not after conviction and execution awarded.    The provisions of the Code refer to preliminary examinations, to ascertain whether an offence has been committed, and where the defendant has been committed to answer, before the district court, for the offence charged.    After conviction, however, by the magistrate, for an offence within his jurisdiction, the judgment is final and conclusive, until reversed on appeal, or writ of error.    Such conviction is as final and conclusive, as that of a court of general jurisdiction, and it is no more allowable to revise the one, than the other, by a proceeding of this character.

Judgment reversed.