Nov. Term,
1861.

CASSEL
v.
SCOTT.

---

### CASSEL *v.* SCOTT and Others.

Suit to restrain the collection of a judgment rendered upon certain bonds filed with the county auditor, under the provisions of the act of *March* 4, 1853, to regulate the sale of spirituous liquors, &c., (Acts 1853, p. 87.) The complaint alleged that the act under which the bonds were filed was unconstitutional and void, and that the judgment, for that reason, was a nullity.

*Held*, that the act being unconstitutional and void, the bonds were not supported by a legal consideration; but the judgment rendered thereon, though erroneous, was not void, but must be regarded as operative until reversed by a court of error.

*Saturday,*
*December* 14.

APPEAL from the *Wayne* Circuit Court.

DAVISON, J.—This was a suit for an injunction. The appellant was the plaintiff, and the appellees were the defendants.

The complaint alleges these facts: At the *Spring* term, 1856, one *Gabriella Hunnicutt* recovered a judgment in said Court against *Cassel*, the plaintiff in this action, for one thousand dollars, which judgment was rendered upon certain bonds filed by the plaintiff in the auditor's office of *Wayne* county, under the provisions of an alleged act, entitled "An Act to regulate the retailing of spirituous liquors, and for the

suppression of the evils arising therefrom. Approved *March* 4, 1853;" which act the said *Gabriella* alleged, and the said Court held, to be valid and operative; but which act the plaintiff avers, was, has been, and now is, unconstitutional and void, in consequence whereof the judgment rendered upon said bonds, was, and still is, void and of no effect whatever. It is averred that *Andrew F. Scott*, the clerk of said Court, having been ordered to do so, issued an execution on said judgment, and delivered the same to *Joseph S. Stidman*, the sheriff, who by virtue of said execution has levied on certain property of the plaintiff, (describing it,) which he, the sheriff, has advertised for sale on *March* 25, 1859, and will sell the same on that day unless restrained by order of this Court.

The relief prayed is, that upon final hearing the sheriff be enjoined from selling or keeping possession of said property under the execution, and that *Scott*, the clerk, be perpetually enjoined from issuing any other or further execution upon said judgment, &c., and that other relief be granted, &c.

Appended to the complaint, there is an affidavit of the plaintiff alleging the matters and things therein stated to be true, &c. The record shows that the plaintiff, having given the notice and filed the undertaking prescribed by the statute, moved the Court for a restraining order, in accordance with the prayer of the complaint, to operate during the pendency of the suit; that the defendants appeared in pursuance of the notice; but the Court overruled the motion, refused the order, and the plaintiff excepted, and thereupon the defendants demurred to the complaint, their demurrer was sustained, and the suit dismissed, &c. For a reversal, it is argued that the act of 1853, referred to in the complaint, is in conflict with the Constitution, and that the judgment on the bonds, having no foundation, save in that act, is a nullity. The first branch of the argument is correct. We have decided the act in question to be unconstitutional. *Mershmeir* v. *The State*, 11 Ind. 482. It does not, however, follow that the judgment is a nullity. It was founded upon the bonds, and not on the act, and of the suit upon them, the Circuit Court had full jurisdiction. The act being void, the bonds

Nov. Term,
1861.

THE CINCIN-
NATI, &c.
RAILROAD CO.
v.
COCHRAN.

are simply unsupported by any valid consideration; and this being the case, the judgment rendered upon these bonds, though it may be deemed erroneous, is not void, and must be held operative until, in accordance with the ordinary rules of procedure, it is reversed by a court of error. No authority has been cited, nor do we know of any, in support of the position assumed by the appellant. In our opinion, the judgment, as it now stands, is in full force and operative, and the result is, the motion for the restraining order was correctly overruled.

*Per Curiam.*—The judgment is affirmed, with costs.

*C. H. Burchenal* and *M. Wilson*, for the appellant.

*Julian, Morton* and *Kibbey*, for the appellees.