## SMITH v. BIGELOW.

1. **Intemperance:** WORDS. The word "drunkenness" in a warrant of commitment has the same legal signification as the word "intoxication."

2. **Appeal:** MOTION TO DISMISS PROCEEDINGS: HABEAS CORPUS. An appeal lies from an order of the County Court overruling a motion to dismiss further proceedings under a writ of habeas corpus.

*Appeal from Benton District Court.*

FRIDAY, JANUARY 12.

ON the 27th of February, 1865, the plaintiff, Smith, was arrested, tried and found guilty of drunkenness, under the twelfth section of the act for the suppression of intemperance. Rev., § 263. He was fined $10 and imprisoned thirty days, being the precise penalty affixed in said act for such an offense. A few days thereafter, he applied for, and obtained from the county judge of his county, a writ of habeas corpus against his prison keeper, the defendant, who produced the body of the prisoner before said judge, together with the warrant of commitment, his authority for holding the prisoner, and the proceeding being duly inspected, they were adjudged regular and the applicant remanded; from which decision he appealed to the District Court.

The district attorney moved to dismiss the application for the writ, upon the ground that the petition set forth no sufficient showing therefor; and also for the reason that no appeal lies in a case of this kind. It does not appear, from the record in this cause, that this motion was ever entertained and passed upon by the court, except so far as the second ground alleged for the motion is concerned. The only record entry disposing of any motion, found in the transcript, is as follows:

"The motion by the defendant to dismiss the appeal in

this cause, heretofore submitted to the court, is denied, and the defendant excepts to the ruling of the court."

Upon this ruling and exceptions the defendant appeals.

*C. R. Scott* for the appellant.

*Isaac L. Allen,* Attorney-General, for the defendant.

LOWE, Ch. J.—Strictly speaking, this case, it is believed, does not fall within the rule laid down in the case of *Platt v. Harrison, Sheriff,* 6 Iowa, 79. In that case, it was proposed by the writ to review the regularity of the proceedings before conviction thereon; in this, to inquire into the authority of the officer to hold the applicant after conviction and execution awarded. And if the record showed that the motion to dismiss the application had been acted upon by the court and denied, we should feel inclined to reverse its ruling, because the application itself, upon its face, fails to show probable cause for relief. The only one possessing the shadow of any force, is the supposed insufficiency of the warrant of commitment, in describing the offense, that of drunkenness, instead of using the statutory word intoxication. The two words being synonymous, it would be a mockery to hold that for such a cause the warrant would not be a justification in the hands of the officer.

1. INTEM-
PERANCE:
words.

But the record fails to inform us that the court even acted upon such a motion, or refused to dismiss the proceeding for the reason stated. On the other hand, it states that the motion, which the court considered and denied, was one to dismiss the appeal, and to this the defendant excepted. To this ruling, we are of opinion, the exception was not well taken, believing as we do, that the broad terms in which

2. APPEAL:
motion to
dismiss
proceed-
ings: ha-
beas cor-
pus.

the statute gives an appeal from all decrees and decisions of the county court, on the merits of any matter affecting the rights and interests of individuals, covers a case of this kind. See Rev., § 267.

In this attitude of the case, we must affirm the proceedings below.

Affirmed.