## WENTWORTH ET AL. *v.* ALEXANDER.

HABEAS CORPUS.— *Void Verdict.—Murder in Second Degree.— Criminal Law.—Once in Jeopardy.— Acquittal.*— A joint petition against a sheriff, by two persons, for a writ of *habeas corpus*, recited that the petitioners had been jointly tried in the circuit court, on a joint indictment for murder in the second degree ; that the jury had returned a verdict finding them guilty as charged, and fixing their punishment at imprisonment in the state-prison for two years ; that the jury had been discharged by the court, after a statement by the defendants that they had motions to make and waived none of their rights ; that the court had denied the defendants' motion to be discharged, but had granted them a *venire de novo;* that the court continued the cause until the next term of court, ordering them to be recognized to appear at that term ; and that the defendants, having failed to give bond, were taken into custody by the sheriff.

*Held*, on the petition, and on a return by the sheriff, showing the same facts, that the writ will not lie.

*Held*, also, BIDDLE, J., dissenting, (the statutory punishment for murder in the second degree being imprisonment for life,) that the verdict was void, but that the defendants had been once in jeopardy and can not be tried again.

From the Monroe Circuit Court.

*F. Wilson, J. W. Buskirk, H. C. Duncan, R. W. Miers* and *C. F. McNutt*, for appellants.

*J. R. East*, for appellee.

BIDDLE, J.—Petition by the appellants, for a writ of *habeas corpus*, against the appellee, sheriff of Monroe county.

The petition states the following facts :

That the plaintiffs are restrained of their liberty by the defendant ; that the cause of such restraint is, that, at the January term of the Monroe Circuit Court, 1879, the defendants were indicted for murder in the second degree, alleged to have been committed in killing James H. Rodgers ; that they were tried on said indictment, at said term, by a jury ; that the jury returned a verdict upon said trial, in the following words :

" We, the jury, find the defendants guilty as charged in

the indictment, and assess their punishment at imprison-- ment in the state-prison for two years."

· Upon return of the verdict, the court asked the defendants if they had any objections to make to the form of the verdict, to which question by the court the defendants answered : " That they had motions which they intended to make, and did ˙not desire to waive any of their legal rights." Whereupon the court received the verdict, and discharged the jury.

Afterward, at said term, the defendants moved the court to be discharged .from said indictment. Their motion was overruled, and the defendants excepted. Thereupon the defendants moved the court for a *venire de novo.* Their motion was sustained, and the State excepted. That the court continued said case until the next term, and ordered the defendants to enter into bond in the sum of five thousand dollars each, for their appearance at the next term of the court, to answer the charge in said indictment ; that the defendants, on failing to give said bond, were taken into custody, under said order, by the defendant, as sheriff aforesaid, and still remain in custody ; that said restraint is illegal, in this : ·

" 1.   That said indictment does not state facts constituting a public offence ;

" 2.   That said appellants have been in jeopardy once under said indictment, and that the verdict returned by the jury is void."

Prayer for the writ of *habeas corpus,* and that they may be discharged.

The court granted the writ, to which the defendant, as sheriff, made return, setting out the indictment, and a transcript of the proceedings of the court, stating substantially the same facts as those alleged in the plaintiffs˙ petition. The sufficiency of. the return was excepted to, and the exceptions overruled. The case was heard and

Wentworth *et al. v.* Alexander.

determined by the court, and the petitioners remanded to the custody of the sheriff. From this decision they appeal to this court. The petition for the writ and the return to the writ present the only question in the case for our consideration.

By our code, it is enacted, in reference to the writ of *habeas corpus,* as follows :

" Sec. 725. No court or judge shall enquire into the legality of any judgment or process, whereby the party is in custody, or discharge him when the term of commitment has not expired in either of the cases following :

" *First.* Upon process issued by any court or judge of the United States, where the court or judge has exclusive jurisdiction ; or,

" *Second.* Upon any process issued on any final judgment of a court of competent jurisdiction ; or,

" *Third.* For any contempt of any court, officer, or body having authority to commit ; but an order of commitment as for a contempt, upon proceedings to force the remedy of a party, is not included in any of the foregoing specifications.

" *Fourth.* Upon a warrant issued from the circuit court, or court of common pleas, upon an indictment or information."

It is clear, by the facts in this case, that the appellants are held in custody by the order of a court of competent jurisdiction, upon an indictment presented by a grand jury ; and we think it is just as clear, by the law, that the circuit court had no power to enquire, by a writ of *habeas corpus,* into the legality of the order under which they are committed. 2 R. S. 1876, p. 293.

In the case of *Wright* v. *The State,* 5 Ind. 290, which was upon a writ of *habeas corpus,* sued out before a judge of the court of common pleas, this court said, Hovey, J., delivering the opinion of the court :

" The facts in this case show that the prisoner was in custody, awaiting his trial under an indictment for murder, and we are clearly of opinion that although the discharging of the jury by the circuit court was equivalent to a verdict of acquittal, yet as the case was not finally disposed of, and as there was no release of the prisoner by any judgment of the court, he must be regarded as in custody under the indictment. Had there really been a verdict of acquittal rendered by the jury, without further action by the circuit court, the judge of the court of common pleas could not have discharged him. If he could, at this stage of the case, why not at any other? Why not even take the case from the hands of the jury in the midst of their investigation? Such is not the object or true meaning of our act of *habeas corpus.*"

In the case of *Wright* v. *The State*, 7 Ind. 324, of the same name, yet a different appellant, the petitioner for a writ of *habeas corpus* had been indicted and tried for murder, but the jury returned a verdict of guilty of an assault and battery, and assessed a fine against him as the punishment. The court held the verdict to be a nullity; yet, under the section we have quoted above, also held that the petitioner could not be discharged on *habeas corpus*, the court remarking, that, "While the case is still pending in the Johnson Circuit Court, we have no jurisdiction."

Indeed, should it be conceded in the present case, as a majority of the court think it must be, that the appellants had been once put in jeopardy for the offence, that the verdict was a nullity, that the appellants had waived no legal right in the case, and that they were entitled to their discharge in the court below, yet they can not be discharged on a writ of *habeas corpus*, while that indictment is pending, and they are committed to custody by the order of the court under it, to answer to the charge therein contained.

But, in the opinion of the writer, as the circuit court had no power, this court, under a writ of *habeas corpus*, has no power, upon appeal, to enquire into the legality of the order of commitment in this case. It is not our duty to express any opinion on its merits ; indeed, it is our duty not to express an opinion upon the merits of any case over which we have no jurisdiction, and which is not properly before us for adjudication. Doubtless, on further proceedings upon the indictment in the court below, the rights of the appellants and the State will be properly adjudged ; if they think not, an appeal from a final judgment in that court will lie to this, and thus the merits of the facts alleged in the petition and averred in the return to the writ may be brought properly before us for our adjudication.

No point was made upon the question of joining two parties as plaintiffs in a writ of *habeas corpus;* this court, therefore, expresses no opinion upon the question. .

The judgment is affirmed, at the costs of the appellants.

Opinion filed at November Term, 1878.

Petition for a rehearing overruled at May Term, 1879.