## CRUTHERS v. BRAY.

[No. 19,923.    Filed November 25, 1902.    Rehearing denied
January 27, 1903.]

HABEAS CORPUS.—*Criminal Law.*—*Habeas corpus* will not lie for the
release of a prisoner remanded to the custody of the sheriff by a
justice of the peace, upon waiver of a preliminary hearing, under
an affidavit containing a colorable criminal charge, on the ground
that no public offense was charged; since the remedy was by ap-
peal.

From Hamilton Circuit Court; *J. F. Neal*, Judge.

*Habeas corpus* by Tyler Cruthers against Evan Bray.
From a judgment for defendant, plaintiff appeals. *Af-firmed.*

*S. D. Stuart, C. G. Reagan, F. C. Reagan, George Shirts,
L. S. Baldwin* and *W. S. Christian*, for appellant.

GILLETT, J.—Appellant sought by a *habeas corpus* pro-
ceeding to procure his release from the custody of appellee
as sheriff of Hamilton county. Issues were duly made,
and, after a hearing, appellant was remanded to the cus-
tody of appellee, as such sheriff. It appears without dis-
pute that an affidavit containing at least a colorable criminal
charge against appellant was filed before a justice of the
peace of said county, and that after a preliminary hearing
had been waived by said appellant, he was recognized to
appear at the next term of the Hamilton Circuit Court, and
in default of bail was committed to the jail of said county.

It is contended by appellant's counsel that the affidavit
did not charge a public offense, that therefore the whole pro-
ceeding was void, and that appellant should therefore have
been discharged. It is not necessary to set out the affidavit.
It attempts to charge appellant with doing certain acts in
this State in the commission of a felony that it is alleged
was consummated in the state of Illinois, and the question
which appellant's counsel principally discuss is whether the

affidavit, in view of the provisions of §§1645, 2178 Burns 1901, charges a public offense.

The question obtrudes itself, however, as to whether the justice's judgment is open to collateral attack. In *McLaughlin* v. *Etchison,* 127 Ind. 474, 22 Am. St. 658, this court held that the fact that an affidavit that was filed before a justice did not charge a criminal offense did not render a judgment of conviction based thereon void. In the late case of *Koepke* v. *Hill,* 157 Ind. 172, we held that a judgment of conviction rendered by a police court was not open to assault on the alleged ground that the ordinance on which the prosecution was based was unconstitutional, for the reason that the court that heard the charge had jurisdiction to commit the error, if such it was. In passing upon the question the following language was used on page 177: "The court was in duty bound to act. It had to decide whether the facts stated made a case within the ordinance, and whether the ordinance was within the delegated legislative power of the city, and, if so, whether the ordinance and statute authorizing it conflicted with any provision of the Constitution. These were all questions of law, and if the court had jurisdiction to decide them correctly, it likewise had jurisdiction to decide them erroneously."

In passing upon a kindred question, in *Platt* v. *Harrison,* 6 Iowa 79, 81, 71 Am. Dec. 389, 390, the supreme court of Iowa said: "The argument is, that the ordinance was passed without authority of law, and was null and void. Whether it was or not, was a legitimate subject of inquiry by the magistrate, in the same manner as any other question which might be presented for his adjudication. And being determined by him, adverse to the position of the prisoner, his remedy was by appeal, or writ of error, and not by *habeas corpus.* It is not a case where a court has acted without having jurisdiction. On the contrary, the most that can be claimed is, that the magistrate *erred* in deciding that the ordinance was in force, and that the city had

the power and authority to provide for the punishment of the offense. Such cases, we do not think, can be reviewed in this manner. The petitioner has a perfect, well defined, and complete remedy, in the regular and usual method of appeal. After conviction by a court having jurisdiction, though the conviction may be irregular or erroneous, the party is not entitled to this writ. The judgment and proceedings of another competent court, cannot be revised upon *habeas corpus.*"

By §1133 Burns 1901, it is provided: "No court or judge shall inquire into the legality of any judgment or process whereby the party is in his custody, or discharge him when the term of commitment has not expired, in either of the cases following: * * * Second. Upon any process issued on any final judgment of a court of competent jurisdiction." The process under which appellant was held was a final judgment, in so far as the court rendering it was concerned. This point was decided by this court in the carefully considered case of *Turner* v. *Conkey,* 132 Ind. 248, 250, 17 L. R. A. 509, 32 Am. St. 251, where Elliott, J., speaking for the court, said: "If the judgment indirectly assailed by the petition had been a final one, there could be no doubt that if there was jurisdiction to enter it the assault would fail, since, as the cases all agree, where the inferior tribunal has jurisdiction, its judgments cannot be collaterally assailed. We can conceive no reason why a different rule should apply to a case where the authority of the inferior tribunal is to hold an accused to bail and in default of bail commit him to the custody of the proper officer of the law. It can make no difference so far as the mere question of holding in custody is concerned whether the judgment is a final one, entered upon a regular trial or is a judgment rendered upon a preliminary examination, for if there is power to give the judgment directing the restraint the judgment cannot be void."

Baltimore, etc., R. Co. v. Adams.

In the case in hand there was at least color of law in the charge preferred. The justice was therefore confronted with the question as to his authority to proceed in the premises, and the implied ·determination that was involved in his act of proceeding was an act of jurisdiction. When, therefore, the justice having jurisdiction proceeded to, and did, render a final judgment in the cause, then, according to the express terms of the statute, the proceeding became impervious to the collateral attack of a *habeas corpus* proceeding.

Judgment affirmed.