YUTZE v. COPELAN, CHIEF OF POLICE OF CINCINNATI.

*Habeas corpus—Constitutionality of ordinance cannot be challenged thereby, when—Municipal corporations—Licensing and regulating garbage hauling—Constitutional law.*

1. A writ of *habeas corpus* in favor of one who has been convicted of a violation of a municipal ordinance will not lie before a review is had to test the constitutionality of such ordinance, where the criminal court in which the conviction was obtained had jurisdiction to determine the question of constitutionality.

2. A city ordinance which makes it unlawful to haul garbage through the streets of the city unless the owner of the garbage first procures from the Director of Public Service a permit to remove it, and which vests in the Director of Public Service the authority to issue such a permit, and authorizes him to prescribe the terms and conditions under which the permit will be issued, is not a delegation of legislative power and is constitutional.

(Decided March 26, 1923.)

ERROR: Court of Appeals for Hamilton county.

*Messrs. Pogue, Hoffheimer & Pogue* and *Mr. Walter M. Locke,* for plaintiff in error.

*Mr. Saul Zielonka,* city solicitor, and *Mr. Chauncey D. Pichel,* assistant city solicitor, for defendant in error.

CUSHING, J. Charles Yutze was arrested, tried and convicted for a violation of Section 973 of the Code of Ordinances of the city of Cincinnati. He failed to pay the fine of fifty dollars and costs, and was committed to jail.

Error was not prosecuted to the judgment of the trial court. Instead, Yutze secured a writ of

*habeas corpus* in the court of common pleas. At the hearing of that writ, the court of common pleas dismissed it, and remanded Yutze to the custody of the chief of police. This action is prosecuted to reverse that judgment.

Plaintiff in error claims that Section 973 of the Code of Ordinances of the city of Cincinnati is unconstitutional. He assigns as a reason that the municipal court of Cincinnati did not have jurisdiction to try the cause, and that he was unlawfully deprived of his liberty. Had error been prosecuted to the judgment of the municipal court, the question of the validity of the ordinance could have been presented for determination, and we are now asked to hold that the validity of an ordinance may be determined in this collateral manner.

In some of the earlier cases in Ohio, the courts, on writs of *habeas corpus,* have passed on the constitutionality of statutes, after arrest, trial and conviction.

In the case of *Arnold* v. *Yanders,* 56 Ohio St., 417, the Supreme Court held that the statute there in question was unconstitutional. It did not discuss or comment on the method by which the question was presented. We will assume, therefore, that that question was not raised.

In a different form this same question was before this court in *Ex parte Pharr,* 10 Ohio App., 395. In that case the court discussed the question of procedure and this manner of collateral attack on judgments. It is there pointed out that the question had been before the Supreme Court of the United States in proceedings begun after arrest, and before commitment; and after commit-

ment, and before conviction; and after commitment, and before review.

In *Henry* v. *Henkel, U. S. Marshal*, 235 U. S., 219, the Supreme Court, in discussing the procedure of allowing writs of *habeas corpus* in similar cases, said it "would interfere with the administration of the criminal law and afford a means by which, with the existing right of appeal, delay could be secured when the Constitution contemplates that there shall be a speedy trial, both in the interest of the public, and as a right to the defendant."

The weight of authority is that a writ of *habeas corpus* is a collateral attack, of a civil nature, to impeach the validity of a sentence or judgment in another court, in a criminal proceeding; that disputed questions of fact, the sufficiency of the indictment or charge, and the validity of the statutes or ordinances on which the charges are based, are questions for determination by the trial court. In this view we hold that a writ of *habeas corpus* will not lie to test the constitutionality of an ordinance, after conviction and before review.

But we do not base our decision on that question alone.

The ordinance in question makes the hauling of garbage through the streets of the city of Cincinnati unlawful, unless the owner of the garbage shall have procured from the Director of Public Service a permit to remove it. It vests in the Director of Public Service authority to issue such a permit, and authorizes him to prescribe the terms and conditions under which the permit will be issued. The statutes of Ohio and the ordinance

vest this authority in the Director of Public Service.

Section 4326, General Code, vests the management of specified public utilities in the Director of Public Service, in the following language:

"The director of public service shall manage municipal water, lighting, heating, power, garbage and other undertakings of the city * * *."

The ordinance was passed in pursuance of that authority. It reads as follows:

Section 973. "That no person shall remove or carry in or through any of the streets, squares, courts, lanes, avenues, places or alleys of the city of Cincinnati any house dirt or house offal, animal or vegetable, or any refuse substance, from any of the dwelling houses or other places of the city, or carcass of any dead animal, unless the owner of the same shall have procured a permit so to do from the Director of Public Service, prescribing the terms and conditions as may be deemed essential to the health and interests of the city.

"Provided, however, the provisions hereof shall not apply to any contractor with the city in relation to garbage."

It is claimed that this ordinance clothes the Director of Public Service with legislative power, in that he may prescribe such terms and conditions as may be deemed essential to the health and interests of the city. That contention is not tenable in view of the decision of the Supreme Court of Ohio in *Yee Bow* v. *City of Cleveland*, 99 Ohio St., 269, where an ordinance of the city of Cleveland was considered. The court held, in the syllabus:

"3. An ordinance imposing on an administra-

tive officer, as prerequisite to the issuance of a license, the duties of ascertaining whether sanitary and drainage arrangements are sufficient to protect the public health and whether 'adequate ventilation,' and 'adequate plumbing and drainage facilities' are provided on the premises, does not confer arbitrary legislative or judicial powers upon such officer in a constitutional sense. If his conduct should prove to be arbitrary or palpably unwarranted, resort may be had to the courts.''

There is no claim that the Director of Public Service acted arbitrarily, or that the rules prescribed are unreasonable or unwarranted. It is claimed that the ordinance is void for uncertainty and indefiniteness. In the absence of a record, this question cannot be considered.

The only provision in the ordinance with reference to the terms and conditions is that the Director of Public Service may prescribe such as he deems essential to the health and interests of the city. It will not be assumed as a matter of law that any act of a public official was in contravention of the rights of a citizen, nor against the interests of the city. Nor can it be said that property rights are affected by the regulation that garbage cannot be removed by other than a licensed collector, or one having a permit for that purpose. *Valley Springs Hog Ranch Co.* v. *Plagmann*, 282 Mo., 1; *Wheeler* v. *City of Boston*, 233 Mass., 275, and *Pantlind* v. *City of Grand Rapids*, 210 Mich., 18.

In *Froelich* v. *City of Cleveland*, 99 Ohio St., 376, it was held that under Sections 3 and 7, Article XVIII of the Constitution, powers of local self-government were vested in municipalities to

make all reasonable, necessary and appropriate provisions to promote the health, etc., of the community, but that neither the state nor the municipality might make any regulations which were unreasonable. These questions can only be determined on a record showing the facts.

In this case, without any attempt to show the character of any of the acts of the Director of Public Service, we are asked to hold that whatever he did was not for the best interests of the health and welfare of the city. This is an attempt on general principles to have an ordinance declared unconstitutional, because, as it is claimed, it violates some property right that the owner may have in garbage. The plaintiff in error was transporting garbage through the public streets of the city without a permit. In so doing he violated the provisions of the ordinance in question.

The municipal court had jurisdiction of the party and the subject-matter.

The judgment of the court below in dismissing the writ of *habeas corpus,* and remanding the petitioner to the custody from which he came, is affirmed.

*Judgment affirmed.*

BUCHWALTER and HAMILTON, JJ., concur.