### Shideler *v.* Vrljich.

[No. 24,178.   Filed January 14, 1925.]

1. HABEAS CORPUS.—*Jurisdiction.*—One circuit court has no jurisdiction to issue a writ of *habeas corpus* and set aside an order of commitment issued by another court having jurisdiction of the subject-matter and the person.  p. 567.

2. HABEAS CORPUS.—*Jurisdiction.*—Where a prisoner in the State Reformatory was held under a commitment issued by a circuit court on a conviction for grand larceny, another circuit court would have no jurisdiction in a *habeas corpus* proceeding for the discharge of said prisoner, after it was made to appear that the petitioner was held in custody under final

process issued out of the court in which he was convicted, notwithstanding it was shown that the court issuing the commitment had suspended the judgment for a period longer than the minimum term of imprisonment and . then revoked the suspension, as the statute (§1176, subd. 2, Burns 1914) expressly provides that no court shall inquire into the legality of any process whereby a party is in custody "issued on any final judgment of a court of competent jurisdiction." p. 567.

3. HABEAS CORPUS.—*Judgment Conclusive Against Collateral Attack.*—In a *habeas corpus* proceeding, a recital of the judgment pursuant to which the order of commitment was issued, certified by the clerk of the court issuing the order, and authenticated by his hand and the seal of the court, is conclusive against a collateral attack, the only inquiry permissible being whether the petitioner was in custody under final process issued on a judgment of a court of competent jurisdiction. p. 568.

4. COURTS.—*Jurisdiction.*—*What Includes.*—Jurisdiction to hear and determine a matter includes power to make a decision and enter a judgment or order that will be binding until set aside or reversed, however erroneous it may be; that is, jurisdiction to decide gives power to decide wrong as well as right. p. 568.

5. COURTS.—*Jurisdiction.*—*Circuit Courts.*—One circuit court has no supervisory power over the process of another. p. 568.

6. HABEAS CORPUS.—*Not Writ of Error.*—A writ of *habeas corpus* is in no sense a writ of error, and cannot be used by one court to correct the errors of another of equal jurisdiction. p. 568.

From Clark Circuit Court; *James W. Fortune,* Judge.

Petition by Martin Vrljich for writ of *habeas corpus* against George A. H. Shideler, as warden of the Indiana Reformatory. From a judgment for the petitioner, the defendant appeals. *Reversed.*

*U. S. Lesh,* Attorney-General, and *Connor D. Ross,* Deputy Attorney-General, for appellant.

EWBANK, J.—On January 31, 1922, appellee filed in the Clark Circuit Court, of Clark county, Indiana, a petition for a writ of *habeas corpus,* commanding the warden of the Indiana Reformatory to show cause why petitioner should not be discharged from imprisonment therein. The warden made return that he held appel-

lee under an order of commitment by the Lake Circuit Court, of Lake county, Indiana, and produced an order purporting to recite a judgment of that court, signed by the judge, which was certified by the clerk under the seal of the court, and contained no reference to a suspension of the sentence, but stated that on April 11, 1921, appellee (defendant therein) was found "guilty of the crime charged, namely: Grand Larceny, (and that) it is therefore ordered and adjudged that the said defendant for the offense by him committed * * * be committed to the custody of the Board of Trustees of the Indiana Reformatory, to be confined by them according to law for a period of not less than one year nor more than 14 years. * * * The sheriff of Lake county is hereby charged with the due execution of the foregoing judgment." Appellee answered the return by denying specifically that he was adjudged guilty of grand larceny on April 11, 1921, but averring that "said conviction was had and said judgment was entered in said court on the 16th day of December, 1919," and "that on said day said judgment and sentence was suspended and the same *was never revoked within the time of said minimum term,* and not until the 11th day of April, 1921," at which time, it was alleged, "said court without any authority of law did attempt to revoke said suspended sentence and thereupon without any authority of law issued the untrue and false commitment set out and referred to in said return."

The cause was submitted for trial on the issues thus joined, and evidence was introduced as follows: That on April 21, 1921, appellee was received at the Indiana Reformatory under a commitment filled out on a blank form, which contained the recitals and was signed and certified as alleged in appellant's return to the writ; that said commitment recited that the judgment of conviction was rendered in "the cause of State of Indiana

v. Martin *Vrljich*, No. 853, Grand Larceny; that the officials of the Reformatory never had received any official notice or certificate that he was convicted at any other time, or that he ever received a suspended sentence, and that no reports from him as being under a suspended sentence were ever received by them; that a certified transcript was read in evidence of the proceedings of the Lake Circuit Court in the cause entitled State of Indiana v. Martin *Vljich*, No. 853, reciting that an affidavit was filed charging that he feloniously stole certain goods of the value of $60, that he pleaded guilty, and that on December 16, 1919, he was sentenced to imprisonment in the Indiana Reformatory for not less than one nor more than fourteen years, but that the sentence was suspended, and he was paroled to his attorney during good behavior; that on March 16, 1921, in a further proceeding in the cause entitled State of Indiana v. Martin *Vrljicak*; No. 853, the court ordered that "the defendant Martin *Vrljicak*" be remanded to the custody of the sheriff and notified and ordered to show cause why the suspension of his sentence should not be revoked; and that afterward, on April 11, 1921, "the defendant Martin *Vrljicak*" was called before the court and "the court now revokes such suspension of prison sentence for the reasons [as stated, reciting that he had committed certain acts of criminal misconduct] * * * and the sentence and judgment is now rendered and ordered enforced as though same had not been suspended." And appellee testified orally that, so far as he knew, he was convicted only once, which was in December, 1919. Upon this evidence, the Clark Circuit Court made a finding that the petitioner was unlawfully restrained by defendant and ought to be released, and entered a judgment discharging him and requiring appellant to pay the costs.

The Lake Circuit Court had jurisdiction of prosecu-

tions for grand larceny. §1433 Burns 1914, §1314 R.
S. 1881. And, in such a prosecution, it had ju-
1, 2. risdiction to sentence the accused to imprison-
ment in the Indiana Reformatory for not less
than one year nor more than fourteen years. §2269
Burns 1914, §377, Acts 1905 p. 584. It also had juris-
diction of the subject-matter of revoking the suspension
of a sentence which it had imposed, and of the question
whether Martin *Vljich,* convicted in 1919, was the same
as Martin *Vrljicak,* whose suspension of sentence was
revoked in April, 1921, and also the same as Martin
*Vrljich,* who was committed to the Reformatory, and
who petitioned to be released; and if duly applied to,
would have had power to afford complete relief, being
required to revoke a suspended sentence only under
conditions prescribed by the statute. §2174 Burns'
Supp. 1921, §1, Acts 1919 p. 843; §2176 Burns 1914,
§3, Acts 1907 p. 447.

Having appellee in actual custody before the court,
accused of a felony, or under an order to show cause
why the suspension of his sentence for an offense of
which he had been convicted should not be revoked,
it had jurisdiction of his person in each instance. And
the question arises whether the Clark Circuit Court
had any power to proceed further after it was made to
appear that the petitioner was held in custody under
final process issued out of another circuit court, of
co-ordinate jurisdiction, pursuant to a judgment or
order of that court in which it had jurisdiction of the
subject-matter and of the person. This question must
be answered in the negative. §1176, subd. 2, Burns
1914, §1119 R. S. 1881; *Lowery* v. *Howard* (1885), 103
Ind. 440, 3 N. E. 124; *Gillie* v. *Fleming* (1922), 191
Ind. 444, 448, 133 N. E. 737.

The recital over the hand of the clerk and seal of the
court of the judgment pursuant to which the order of

commitment stated it was issued was conclusive against a collateral attack in another court by *habeas corpus,* and the only inquiry permissible in this case was whether or not the petitioner was in custody under final process issued upon a judgment of a court. of competent jurisdiction. *Gillespie* v. *Rump* (1904), 163 Ind. 457, 461, 72 N. E. 138. Jurisdiction to hear and determine a matter includes power to make a decision and enter a judgment or order that will be binding until set aside or reversed, however erroneous it may be. "Jurisdiction to decide gives power to decide wrong." And one circuit or superior court has no supervisory power over the execution of process from another such court, and even if it had, a writ of *habeas corpus* is in no sense a writ of error. *Gillie* v. *Fleming, supra; Koepke* v. *Hill* (1901), 157 Ind. 172, 176, 60 N. E. 1039. Admitting for the purpose of the argument, (but without deciding), that the action of the Lake Circuit Court in entering an order revoking the suspended sentence under the circumstances of this case, after the minimum term of imprisonment had expired, and committing appellee to the reformatory, was unauthorized and erroneous, yet the petition for a writ of *habeas corpus* did not give the Clark Circuit Court any jurisdiction to inquire into what had been done, nor to correct the errors of the Lake Circuit Court by interfering with the execution of final process which that court had issued to enforce its judgment.

The judgment must be reversed, and as it has been suggested that appellant has died since the submission of the cause, the judgment is in all things reversed as of the date of such submission, with directions to deny the petition, and remand the petitioner to the custody of the officials of the Indiana Reformatory.