STATE, EX REL. PIEL *v.* ARKANSAS CONSTRUCTION COMPANY ET AL.

[No. 24,793. Filed August 14, 1929.]

W. M. McFarland and Shuler McCormick, for appellant.

W. M. Alsop, Shirley, Whitcomb & Dowden and Whitcomb, Ewbank & Dowden, for appellees.

MARTIN, J.—This is an appeal from a judgment in favor of appellees on the pleadings, upon appellant's refusal to reply to appellees' answers. The court overruled appellant's demurrers to the two paragraphs of answer of each appellee to appellant's complaint, and such action of the court is assigned as error.

The suit was brought in the name of the State on relation of a taxpayer on appellees' bond for breach of a road-improvement contract. It is alleged in the complaint that appellee, sometime in 1919, abandoned its contract entered into June 14, 1916, with the Board of Commissioners of Knox County for the improvement of the William L. Ewing gravel road in Vincennes Township under §7711a et seq. Burns 1914 (§8380 et seq. Burns 1926); that the contract was re-let to another contractor at a higher price, and additional bonds were sold to provide the necessary money; that appellees' contract was for $47,353.89, that it entered upon the performance of the contract but, before its completion, withdrew from it without legal excuse or justification and without

in any way improving the road; that it drew on account of work done $2,422.90; that the contract was subsequently let to another contractor for $110,400; that, by reason thereof, the taxpayers of the taxing district (Vincennes Township) were required to pay in taxes the additional sum of $72,422.90 and interest. The prayer of the complaint was for the recovery of such amount as damages and that the sum recovered be applied to the retirement of bonded indebtedness on account of the road.

The first paragraph of answer of each defendant, the Arkansas Construction Company and the Globe Indemnity Company, admitted the proceedings alleged in the complaint and the execution of the contract and bond. They affirmatively answered that, after the contract was let, war was declared between the United States and Germany, that it became necessary for our government to utilize in a large measure the transportation facilities, financial resources and man power of the nation to the exclusion of shipment of material and the use of labor in public improvements, such as this highway, which was not necessary in the successful prosecution of the war, and that it was practically impossible to secure labor and shipments of material to carry out the contract. That, considering these facts, the board of county commissioners granted appellees' petition, filed May 6, 1918, extending the time for completion of the road until November 1, 1918, and, considering a resolution of the State Council of Defense and the policy of the National Council of Defense, the board granted a second petition filed January 2, 1919, extending the time until March 4, 1919. That on March 18, 1919, the board ordered appellees to resume work on the road but that the difficulty of obtaining men and materials continued and the cost of construction had more than doubled; the contract price had become grossly inade-

quate and it was unconscionable to require the contractor to complete the road at the contract price; that defendants, on April 8, 1919, filed with the board a verified petition setting up such facts and praying for a release from the performance of the contract and allowance for work theretofore performed, which petition was heard May 14, 1919, and denied June 4, 1919. That the defendants appealed from the order of the board to the Knox Circuit Court where the cause was docketed as a civil action and tried. That the judgment of the Knox Circuit Court in part provided "that said contract . . . be and the same is hereby cancelled and the said Arkansas Construction Company and its surety, Globe Indemnity Company of New York, are hereby released from completing said contract," and that said judgment had never been appealed from, set aside or modified in any respect but was still in full force, vigor and effect.

The second paragraphs of answer severally filed by the defendants were substantially the same as the first paragraphs except that they pleaded the "Contractors Relief Act," Acts 1919, ch. 93, §7723a *et seq.* Burns' Supp. 1921, and its provisions for the granting of relief by the board of commissioners and for an appeal to the circuit court in the matter of the filing of a petition pursuant thereto. That act was by this court declared unconstitutional subsequent to the judgment of the Knox Circuit Court above referred to and prior to the bringing of this action. *Davis Construction Co.* v. *Board, etc.* (1921), 192 Ind. 144, 132 N. E. 629.

The appellant contends that, without statutory authorization, the board of commissioners had no jurisdiction to hear and determine the petition of the Arkansas Construction Company to be released and that the circuit court could not gain jurisdiction of the subject-matter on appeal if the commissioners were without jurisdiction; that the Contractors

Relief Act, being unconstitutional, it is as if it had never been (Cooley, Const. Lim. [6 ed.] p. 222), and it, therefore, could not confer upon the board or upon the circuit court any jurisdiction. Baker, J., in *Koepke* v. *Hill* (1901), 157 Ind. 172, 60 N. E. 1039, points out that, notwithstanding a different rule may prevail in some other jurisdictions, in this state, "the holdings have been to the effect that, whenever a court is confronted with a question which it has a right to decide correctly, its erroneous judgment will not be subject to a collateral attack, irrespective of whether the mistake of law concerned the common, or statutory, or constitutional law." An erroneous judgment unappealed from does not lose its effectiveness as *res adjudicata,* and we hold that the judgment of the Knox Circuit Court pleaded by appellees in their answers is a bar to appellant's cause of action, 15 R. C. L. 957, unless reversed on appeal, however erroneous it may have been. *Stone* v. *Elliott* (1914), 182 Ind. 454, 106 N. E. 710; *Board, etc.,* v. *Shutter* (1893), 139 Ind. 268, 34 N. E. 665, 31 L. R. A. 740.

It is true that where a statute is unconstitutional it is as though the statute never existed, but where a court of competent jurisdiction before the statute has been effectively declared to be unconstitutional, has rendered a judgment which is not appealed from, that judgment is binding, upon the principle which fixes the conclusiveness of a judgment. "Where a statute conferring jurisdiction is held unconstitutional, such decision will have no retroactive effect . . . and where proceedings have been regularly had under the law as it existed before such decision they will not be disturbed." 15 C. J. 854.

The judgment pleaded by appellees is conclusive against this appellant, a taxpayer within the taxing unit, even though he was not a party thereto. 15 R. C. L. 1030.

Judgment affirmed.
Willoughby, J., not participating.