Nesbit *et al. v.* Miller *et al.*

No. 14,288.

NESBIT ET AL. *v.* MILLER ET AL.

DEMURRER.—*Form of.*—*Misjoinder of Causes of Action.*—That several causes of action have been improperly joined is a separate statutory cause for demurrer, and a demurrer founded upon the statutory cause that the complaint does not state facts sufficient to constitute a cause of action does not raise any question as to misjoinder of causes of action.

JURISDICTION.—*Guardian and Ward.*—*Petition to Exchange Ward's Real Estate.*—*Sufficiency of.*—A guardian, after making a contract for the conveyance of the interest of his wards in certain real estate, in part payment of the conveyance to them of a piece of land, filed a petition in the circuit court setting forth that it would be for the interest of his wards to make said exchange. Upon said petition, after said interest had been appraised and the additional bond required by law had been filed and approved, the court entered an order requiring the guardian to sell said interest for cash. Upon this order the guardian signed, acknowledged, and tendered to the appellant a deed purporting to convey to him the interest of his wards in said property. It was contended, in an action against the appellant for breach of contract to convey, that there is no statute in the State authorizing a guardian to exchange the lands of his ward for other lands, and that, for this reason, the petition presented to the circuit court did not confer jurisdiction, and that its order to sell for cash, based upon said petition, was void.

*Held,* that the petition was sufficient to confer jurisdiction under section 2528, R. S. 1881, and to authorize the order made by the court. *Indiana, etc., R. W. Co.* v. *Brittingham,* 98 Ind. 294, distinguished.

SAME.—*What Constitutes.*—*Holding Insufficient Petition Good.*—*Jurisdiction Unaffected Thereby.*—The power to hear and determine is jurisdiction. If a court thus having jurisdiction errs in holding an insufficient petition to be good it is mere error, and not a defect of jurisdiction.

TENDER.—*Contract to Convey Land.*—*Breach of.*—*Institution of Suit.*—*When Offer of Performance Unnecessary Before.*—Where the defendant has put it out of his power to execute the contract between him and the plaintiffs before the commencement of the suit, by conveying the land, which he had agreed to convey to them, to another, it is not necessary that the plaintiffs should make a tender of performance on their part before bringing an action for damages for the breach of the contract to convey the land.

From the Allen Circuit Court.

*H. Colerick* and *W. S. Oppenheim,* for appellants.

*R. C. Bell, S. R. Morris* and *A. A. Purman,* for appellees.

COFFEY, J.—This was an action, in the Allen Circuit Court, by the appellees against the appellants to recover damages alleged to have accrued to the appellees on account of the breach of a contract to convey real estate. Coupled with the action to recover damages was an action to set aside a fraudulent conveyance.

The contract was dated on the 11th day of March, 1887, and stipulated that the appellant Jeremiah Nesbit should convey by warranty deed to the heirs of John M. Miller, deceased, by name, a certain described forty-acre tract of land in Allen county for the consideration of twenty-three hundred dollars. In part payment of this sum the appellees agreed to convey to the appellant Jeremiah, by good and sufficient deed, certain real estate in Monroeville, in Allen county, in which the minor children of the said John M. Miller, deceased, owned an undivided four-ninths interest, for the agreed sum of sixteen hundred dollars. It was further stipulated in the contract that the deeds of conveyance should be executed as soon as the appellees should procure the proper and legal authority from the Allen Circuit Court to sell and convey the interest of the minor heirs of the said John M. Miller in the property to be conveyed to the appellant.

The complaint alleges that the appellees have fully kept and performed all the conditions and stipulations contained in said contract by them to be kept and performed, and that the appellant Jeremiah Nesbit wholly failed and refused to keep and perform the stipulations and conditions in said contract to be kept and performed by him.

A trial of the cause by the court, without the intervention of a jury, resulted in a finding and judgment for the appellees, and a decree setting aside the fraudulent conveyance described in the complaint.

It is assigned as error:

*First.* That the court erred in overruling a demurrer to the complaint; and,

*Second.* That the court erred in overruling the motion of the appellants for a new trial.

The demurrer was joint, filed on behalf of the appellant Jeremiah, and his wife Mary, to whom the fraudulent conveyance was made, and is based upon the ground that the complaint does not state facts sufficient to constitute a cause of action.

The only objection urged to the complaint is that the action to recover damages is improperly joined with an action to set aside a fraudulent conveyance.

We do not think the demurrer raises this question. That several causes of action have been improperly joined is a separate statutory cause for demurrer, and a demurrer founded upon the statutory cause that the complaint does not state facts sufficient to constitute a cause of action does not raise any question as to misjoinder of causes of action.

The only question discussed under the second assignment of error relates to the sufficiency of the evidence to support the finding and judgment of the circuit court.

It appears from the evidence in the cause that soon after the date of the contract in suit, the guardian of the minor heirs of John M. Miller, deceased, filed a petition in the Allen Circuit Court setting forth that it would be to the interest of his wards to exchange their four-ninths interest in the property in Monroeville for the land of the appellant, upon which petition, after said interest had been appraised and the additional bond required by law had been filed and approved, the court entered an order requiring the guardian to sell said interest for cash. Upon this order the guardian signed, acknowledged and tendered to the appellant Jeremiah Nesbit a deed purporting to convey to him the four-ninths interest of his wards in said property.

It is contended by the appellants that there is no statute in this State authorizing a guardian to exchange the lands of his ward for other lands, and that for this reason the peti-

tion presented to the Allen Circuit Court did not confer jurisdiction, and that its order to sell for cash based upon such petition, was void.

Section 2528, R. S. 1881, provides that "Whenever necessary for the education, support, or payment of the just debts of any minor, or for the discharge of any liens on the real estate of such minor, or whenever the real estate of such minor is suffering unavoidable waste, or a better investment of the value thereof can be made, the proper court may, on the application of such guardian, order the same, or a part thereof, to be sold."

Doubtless the Allen Circuit Court regarded the petition in this case as a petition to sell the Monroeville property and invest the proceeds in the forty-acre tract of land which the appellant Jeremiah had agreed to convey to them.

In our opinion the petition was sufficient to confer jurisdiction and to authorize the order made by the court. The court had jurisdiction over the subject-matter and of the wards, who were represented by their guardian. It had the power to pass upon the sufficiency of the petition. The power to hear and determine is jurisdiction. If a court thus having jurisdiction errs in holding an insufficient petition to be good it is a mere error, and not a defect of jurisdiction. *Worthington* v. *Dunkin,* 41 Ind. 515; *Dequindre* v. *Williams,* 31 Ind. 444; *Jackson* v. *Smith,* 120 Ind. 520; *Cunningham* v. *Jacobs,* 120 Ind. 306.

This case is readily distinguished from the case of *Indiana, etc., R. W. Co.* v. *Brittingham,* 98 Ind. 294, where the guardian undertook to make a mere donation of his ward's lands for railroad purposes.

It further appears from the evidence in this cause that the appellant Jeremiah had put it out of his power to execute the contract between him and the appellees, before the commencement of this suit, by conveying the land, which he had agreed to convey to them, to another. In such a case a

a tender of performance on the part of the appellees was not necessary in order to enable them to maintain this action.

There is no error in the record.

Judgment affirmed.

Filed Sept. 19, 1890.