DOWD, WARDEN *v.* STUCKEY

[No. 27,933. Filed December 23, 1943.]

*James A. Emmert,* Attorney General, *Frank Hamil-*

*ton,* First Assistant Attorney General, and *Frank E. Coughlin,* Deputy Attorney General, for appellant.

*Oscar B. Thiel,* of Gary, for appellee.

FANSLER, C. J.—The appellee, a prisoner in the Indiana State Prison, was released and discharged from custody of the warden in a *habeas corpus* proceeding. The trial court held the warden's return insufficient, and the correctness of this ruling presents the only question.

It appears from the return that in February, 1938, when the appellee was less than thirty years of age, he was sentenced to the Indiana State Reformatory for a period of from one to five years upon conviction of the crime of petit larceny. In September, 1940, he was paroled. In August, 1941, while on parole, and when he had attained the age of thirty years, he was convicted of the crime of burglary and sentenced to serve a term of two years in the Indiana State Prison. If the sentences run concurrently both have expired and his detention was unlawful, but it is the contention of the State that the sentences run consecutively, and that the second sentence did not begin to run until the expiration of the first. The State relies upon the last sentence in § 12 of chapter 53 of the Acts of 1897 (Acts 1897, p. 69), which is § 13-411, Burns' 1933, § 13607, Baldwin's 1934, which reads as follows: "And any prisoner at large, upon parole or conditional release, who shall commit a fresh crime and upon conviction thereof shall be sentenced anew to the Reformatory or the Indiana State Prison shall be subject to serve the second sentence after the first sentence is served or annulled, said second sentence to commence from the termination of his liability upon the first or former sentence." In *Dowd, Warden,* v. *Sullivan* (1940), 217 Ind.

196, 27 N. E. (2d) 82, we held that the act in question applied only to those who at the time of the first conviction were between the ages of sixteen and thirty years, and that it had no application to persons who were over thirty years of age at the time of their first conviction, and we see no reason now for receding from the views there expressed. The opinion was filed on May 13, 1940, and the Legislature has not seen fit to change the law so as to make it applicable to convicts who are above the age of thirty at the time of their first conviction. The appellee has no quarrel with the case referred to, and concedes that he comes within the terms of the statute, but he contends that the statute is unconstitutional because it violates the equal protection clause of the Fourteenth Amendment to the Federal Constitution, and Section 23 of Article 1 of the Constitution of Indiana, which provides: "The General Assembly shall not grant to any citizen, or class of citizens, privileges or immunities which, upon the same terms, shall not equally belong to all citizens."

Section 22 of Article 4 of the Constitution of Indiana provides: "The General Assembly shall not pass local or special laws, in any of the following enumerated cases, that is to say: . . . [2.] For the punishment of crimes and misdemeanors." Section 23 of Article 4 is as follows: "In all the cases enumerated in the preceding Section, and in all other cases where a general law can be made applicable, all laws shall be general, and of uniform operation throughout the State." It readily appears that the statute in question provides "for the punishment of crimes. . . ." It provides a heavier burden of punishment for one class convicted of crime for the second time than for another class convicted under the same circumstances. It is well settled that the Legislature

may classify for legislative purposes without offending against the constitutional requirement that laws must be "general." But this power is limited by the requirement that the classification must rest upon some rational and substantial basis inherent in the subject-matter, some difference in situation which distinguishes those within the class from those without, and which rationally justifies different or unequal treatment. Unless there is such a legal basis for classification, penalties imposed by criminal statutes must apply equally, without privileges or immunities on the one hand or additional burdens upon the other. These principals are fundamental.

The enactment in question is part of a statute establishing the Indiana Reformatory as a correctional institution for male persons who are convicted of crime and are between the ages of sixteen and thirty years. There is basis for special treatment of younger men who have fallen into crime, since it may be reasonably concluded that they are still in the years when character is formed, and that they are more susceptible to correctional treatment. But the statute in question provides that if a person upon parole from this institution for younger prisoners is found guilty of a new crime, he shall serve his original sentence before serving the new sentence, while one who was convicted first when he was above the age of thirty, and who is convicted of a new crime while on parole, shall serve the sentences concurrently. We find no rational basis for discrimination against, and heavier penalties for, those in the lower-age group. It has been suggested that, since members of the younger group are more susceptible of reformation, there is justification for threatening them with greater penalties. We fail to see the logic of such reasoning. A statute pro-

viding the death penalty for murder by one under thirty years of age, and a lesser penalty for murder by an older person, would, it seems to us, be clearly unconstitutional. The principle is the same. We find nothing inhering in the difference in ages which is a rational justification for heavier punishment for the younger than for the older class. On the contrary, our treatment of juveniles is based upon the legislative assumption that there is sound basis for the contrary view that penalties should be less severe for those in the tenderer years.

There is some basis for concluding that there was no deliberate legislative intention to discriminate. The provision in question is part of chapter 53 of the Acts of 1897, page 69, *supra*, the primary purpose of which was to establish the Indiana Reformatory for the confinement of prisoners between the ages of sixteen and thirty years. It also provides for indeterminate sentences and paroles for such prisoners. Chapter 143, page 219, of the same session, provides for indeterminate sentences for prisoners above the age of thirty. These two measures are similar and may have been thought to contain substantially the same provisions. We conclude that the provision is inoperative for the constitutional reasons indicated.

Judgment affirmed.

NOTE.—Reported in 51 N. E. (2d) 947.