STATE EX REL. GILBERT ET AL. *v.* CIRCUIT COURT
OF KOSCUISKO COUNTY ET AL.

[No. 29,865.  Filed November 15, 1960.]

*Edwin K. Steers*, Attorney General, *John E. Hirschman*, Deputy Attorney General and *Allan A. Rasor*, Prosecuting Attorney, of Warsaw, for relators.

*Byron C. Kennedy* and *Rockhill, Vanderveer, Kennedy & Lee*, of Warsaw, for respondents.

JACKSON, C. J.—This is an original action for a writ of prohibition, instituted by the relators. The temporary writ was issued on October 28, 1959. Subsequently a response and briefs were filed herein.

The record before us discloses that on or about July 24, 1959, one James W. Warren filed his petition for a restricted driving permit in the Circuit Court of Koscuisko County, Indiana, being cause number 29,292 on the dockets thereof, seeking relief under the provisions of Acts 1959, ch. 369, being §47-2716, *et seq.*, Burns' 1960 Cum. Supp.

The defendants to the action, Allan A. Rasor, Prosecuting Attorney, 54th Judicial Circuit and Howard G. Holbrook, Sheriff of Kosciusko County, Indiana, each entered a general appearance to the action. The defendant, Royden C. Gilbert, Commissioner of Motor Vehicles, appeared specially by the Attorney General and filed a motion to dismiss the action, alleging no jurisdiction in the trial court. Thereafter the Prosecuting Attorney filed a demurrer to the petition alleging therein, (1) that the Court does not have jurisdiction of the subject matter, (2) that the petition does not state facts sufficient to constitute a cause of action.

Thereafter on October 13, 1959, the trial court overruled both the motion to dismiss the petition and the demurrer. On October 16, 1959, the Prosecuting Attorney filed an answer in admission and denial to the petition and on October 30, 1959, the temporary writ was served on the respondent.

The issues herein are joined upon a construction of Acts 1959, ch. 369, § 2, p. 990, being § 47-2717 Burns' 1960 Cum. Supp., *supra,* which reads,

"... The following information shall be included in said petition:

"(a) ...

"(b) that he has never been convicted of a similar offense or been suspended for a similar reason before; ...,"

and the compliance the petitioner made in his petition wherein he alleged:

"4. That the petitioner has three times been convicted of the offense of driving a motor vehicle while under the influence of intoxicating liquor, the first of which conviction was had on the — day of ————, 1947 in the Justice Court of Loren Melick, Justice of the Peace in and for Wayne Township Kosciusko County, Indiana, the second in the same

court the eighteenth day of January, 1954, and the third in the Fulton Circuit Court on the eleventh day of June, 1958; and that the plaintiff has not been convicted of any similar offense or offenses nor has his license to operate a motor vehicle been suspended or revoked for a similar reason other than on the occasions of said three former convictions.

"5. That by the terms of Judgment of the Fulton Circuit Court made and entered on the eleventh day of June, 1958, as aforesaid, the petitioner was assessed a fine in the penal sum of One Hundred ($100.00) Dollars, the cost of said action in the amount of Twenty Dollars and ninety-five cents ($20.95), and was sentenced to the Indiana State Penal Farm for a term of one year, and a recommendation was made by said Court to the Commissioner of Motor Vehicles that the privileges of this petitioner, the defendant therein, to operate a motor vehicle be suspended for a period of ten years from and after said date.

"6. That pursuant to the judgment of the Fulton Circuit Court in said cause, the petitioner made his fine to the state of Indiana in the penal sum of One Hundred ($100.00) Dollars, fully paid and discharged the cost accruing in said cause, and served a total of eight months and twenty days in the Indiana State Penal Farm in full discharge of the sentence of imprisonment imposed by said courts; and that the Commissioner of Motor Vehicles in compliance with the recommendation of said court, suspended the license privileges of the petitioner to operate a motor vehicle on the highways of the State of Indiana for a period of ten years beginning on the — day of June, 1958."

The relators question the jurisdiction of the trial court over the subject matter of the action, claiming that Acts 1959, ch. 369, §2(b), *supra*, constitutes a jurisdictional condition precedent.

By the enactment of Acts 1959, ch. 369, *supra*, the legislature provided a new remedy for the relief of the

hungry and suffering dependents of the family provider, who suffer as a result of the suspension of the provider's motor vehicle operator's permit. The whole class of such dependents are included. They are not divided into two classes, to-wit:

(1) dependents of a provider with one suspension against him to have relief; and

(2) those of a provider with two or more suspensions against him who are to have no relief.

Jurisdiction is of three sorts:

1. Jurisdiction over the persons and parties to the action.

2. Jurisdiction over the subject matter of the cause.

3. Jurisdiction over the particular case before the court. *State ex rel. Johnson* v. *Reeves, Judge, etc. et al.* (1955), 234 Ind. 225, 228, 125 N. E. 2d 794.

The record in the instant case discloses that summons was lawfully served on the respondents herein and return made thereon, thus conferring jurisdiction under one above. Power to hear is jurisdiction thus conferring jurisdiction over the subject matter under number two above (see *Nesbit et al.* v. *Miller et al.* (1890), 125 Ind. 106, 109, 25 N. E. 148). The fact to be pleaded by Acts 1959, ch. 369, §2(b), *supra,* does not cut into the power of the court to hear and determine the subject matter of the cause nor to the power of the court over this case. It is there and there alone in Acts 1959, ch. 369, §2, *supra,* that the question of jurisdiction over the particular case before the court arises. "Indeed, it would be impossible, on any rational theory, to make the jurisdiction depend upon the validity of the case stated by the plaintiff."

1 Black on Judgments (1902 Ed.), §241, p. 357.

The jurisdictional requirements of Acts 1959, ch. 369, being §47-2716 *et seq.* Burns' 1960 Cum. Supp., *supra,* are as follows:

1. That the persons' current driving license has been suspended under the provisions of any of the motor vehicle laws of this state.

2. That because of the nature of his employment, the suspension of such current driving license would work an undue hardship upon his family or dependents.

3. That such petition can not be filed prior to fifteen (15) days from the date of receipt of notice of such suspension from the commissioner of motor vehicles.

4. That such petition shall be verified and filed in the circuit court of the county wherein such person resides.

The additional information to be included in the petition by the provisions of §47-2717 Burns' 1960 Cum. Supp., *supra,* is for the information of the court and to assist it in arriving at a decision as to whether or not the suspension of such current driving license does work an undue hardship on the family or dependents of the petitioner.

In view of the decision we have reached, it is unnecessary to consider the other questions raised in this proceeding. The Temporary Writ of Prohibition heretofore issued herein should be and is hereby dissolved.

Bobbitt and Achor, JJ., concur.

Arterburn, J., dissents with opinion.

Landis, J., concurs with dissent.

## DISSENTING OPINION

ARTERBURN, J.—The principal legislative purpose in the enactment of statutes licensing the operation of motor vehicles on the public highway is the *safety* of the

traveler thereon. Therefore, to give one who has repeatedly violated the law against driving while intoxicated a restricted right to operate a motor vehicle on the highway because he has dependents, while another like offender without dependents is denied such a privilege, is discriminatory and violates the principle of equality before the law. Carrying the theory to its logical extent, could it be said that one who has repeatedly committed vicious crimes such as murder or rape is entitled to be let at large, to prey upon the public because he has dependents, while another committing like crimes must be under the law executed or serve life imprisonment as a result of not having dependents? The same question may be posed regarding the criminal insane who have dependents.

Legislation which has as its purpose the protection of the public from certain dangers and evils must be construed with that objective in mind and with the principle that all persons shall be treated equally. The classification attempted to be made here by reason of having dependents, has no relationship to the objective and purpose of the law, namely, the protection of the public traveling on the highway. The majority opinion in effect approves the constitutionality of such classification and unequal treatment. Section 1 of the 14th Amendment of the Constitution of the United States; Art. 4, Section 22, Constitution of Indiana; *Dowd, Warden* v. *Stuckey* (1943), 222 Ind. 100, 51 N. E. 2d 947; *Duncan* v. *State of Missouri* (1894), 152 U. S. 377, 38 L. Ed. 485, 14 S. Ct. 570.

Landis, Judge, concurs in dissent.

NOTE.—Reported in 170 N. E. 2d 51.