WESLEY GULLETT, JR. *v*. STATE OF INDIANA.

[No. 1-1272A108. Filed July 26, 1973.]

*Harriette Bailey Conn (Mrs.)*, Public Defender of Indiana, *William B. Bryan*, Deputy Public Defender, for appellant.

*Theodore L. Sendak*, Attorney General, *A. Frank Gleaves, III*, Deputy Attorney General, for appellee.

ROBERTSON, P.J.—The appellant (Gullett) entered a plea of guilty to the offense of entering to commit a felony and was sentenced to one to ten years. Thereafter, he filed a petition for post-conviction relief requesting discharge and the withdrawal of his guilty plea. The trial court adjusted the sentence to one to five years but refused all other relief. From that final judgment he brings this appeal.

Two issues are raised:

1. Was the adjusted sentence constitutional?
2. Was the appellant's guilty plea entered freely and voluntarily?

Appellant states that the penalty clause of IC 35-13-4-5, Ind. Ann. Stat. § 10-704 (Burns 1956) (entering to commit a felony), has been declared unconstitutional by the case of *Hobbs* v. *State* (1969), 253 Ind. 195, 252 N.E.2d 498, for the reason that the maximum sentence for second degree burglary, five years, was exceeded by the maximum sentence for the lesser included offense of entering to commit a felony, ten years. With that he agrees. He contends, however, that it is impossible to sever the penalty clause from a statute without voiding the entire statute. In ordering the trial court in

*Hobbs* to adjust the sentence from the one to ten years specified by the legislature to one to five years, the judiciary usurped from the legislature the latter's expressly reserved function of prescribing punishment for criminal offenses, as provided in IC 1-1-2-2, Ind. Ann. Stat. § 9-2401 (Burns 1956). Instead of adjusting his sentence, Gullett continues, the trial court should have discharged him.

Appellant's argument is not new. It was before the Indiana Supreme Court in *Landaw* v. *State* (1972), 258 Ind. 67, 279 N.E.2d 230. In response, the Court stated:

> "[W]e have not re-written the statute or presumed to substitute a judicially determined sentence for a legislatively determined sentence. What we do say is that our courts have no jurisdiction to punish a lesser included offense with greater severity than the higher offense, because to do otherwise would violate Art. 1, § 16 of the Indiana Constitution. We do this not in the exercise of our discretion, but in the fulfilling of our legal duty to assert our judgment against the Legislature where the exercise of legislative power has exceeded the bounds of the Constitution. Within the bounds of that constitutional limitation, the Legislature remains free to set any penalty they wish for this crime and we intimate no opinion as to the proper penalty. Nor do we, by constitutionally limiting the maximum penalty to five years in this case, attempt to redefine the crime as written. We merely set a maximum limit on the penalty beyond which the Constitution forbids imprisonment and order the lower courts to reflect this determination in their original sentence." 279 N.E.2d at 231.

For the reasons stated in *Landaw*, it was not error to refuse to discharge the appellant. See also *Jacobs* v. *State* (1972), 153 Ind. App. 102, 286 N.E.2d 224.

As for the second issue, appellant claims the trial court erred in finding that his plea of guilty was not coerced. The court found that his wife, in September of 1970, had been threatened with prosecution for involvement in the same activities for which he was being held. He presented evidence showing that this threat weighed heavily on his mind, because

if his wife were arrested and prosecuted his children would have to be placed in the custody of others. His attorney during the pre-trial stage of the proceedings testified that Gullett, approximately one or two weeks prior to his pleading guilty, had expressed anxiety over the threat of prosecution of his wife. Appellant contends that the lower court's finding of fact that a threat to prosecute his wife was made, coupled with the evidence showing his anxiety with respect to that threat, required a ruling that his guilty plea was not voluntarily given.

That a plea of guilty must be freely and voluntarily entered is a well settled rule. *Brimhall* v. *State* (1972), 258 Ind. 153, 279 N.E.2d 557; *Mislik* v. *State* (1915), 184 Ind. 72, 110 N.E. 551. Just as a threat to charge and attempt to convict a loved one may induce an involuntary confession, *Hall* v. *State* (1971), 255 Ind. 606, 266 N.E.2d 16, so too can such a threat result in an involuntary plea of guilty. Agents of the state may not produce a plea of guilty by mental coercion overbearing the will of the defendant. *Brady* v. *United States* (1970), 397 U.S. 742. It was the trial court's duty to make a reasonable inquiry into the facts to discover whether a plea of guilty was entered voluntarily and understandingly. *Boykin* v. *Alabama* (1969), 395 U.S. 238; *Dube* v. *State* (1971), 257 Ind. 398, 275 N.E.2d 7; *Gates* v. *State* (1962), 243 Ind. 325, 183 N.E.2d 601. That duty was satisfied and is reflected in the court's findings of facts, as follows:

> "(9) The Court finds and determines that the petitioner voluntarily of his own free will, with full knowledge and understanding of his constitutional rights and with full knowledge of the meaning and consequences of his plea, entered said plea of guilty to the crime of entering to commit a felony . . . .
>
> "(10) The petitioner was not induced or coerced into entering said plea by reason of any threat of arrest or prosecution of his wife."

124

The appellant, therefore, in the eyes of the trial court, failed to carry his burden of proof. In a post-conviction relief proceeding the petitioner has the burden of establishing his grounds for relief by a preponderance of the evidence. Ind. Rules of Proc. PC. 1 § 5; *Kelly* v. *State* (1972), 259 Ind. 414, 287 N.E.2d 872. On appeal from such a proceeding the trial court's decision must be affirmed if it is supported by substantial evidence. *Kelly* v. *State, supra.* The evidence shows that seven months elapsed from the time Mrs. Gullett was threatened with prosecution in September, 1970, until Gullett entered his plea in April, 1971. This alone would be insufficient in most circumstances to negate an allegation of involuntariness, but there is more. Mrs. Gullett was neither threatened nor questioned after September of 1970, and no charges were ever brought against her. In addition, Gullett admitted on cross-examination that one of the reasons he entered the guilty plea was to take advantage of the prosecutor's offer to drop other charges provided Gullett so pled. Such practice has been approved by the Indiana Supreme Court and appellant does not question its validity. See *Kelly* v. *State, supra; Dube* v. *State, supra.*

We find the trial court's decision to be sufficiently supported by the evidence. The judgment denying post-conviction relief is, therefore, affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 299 N.E.2d 190.