**Richard GRISWOLD, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 32A01–9906–CR–219.

Court of Appeals of Indiana.

Feb. 18, 2000.

Transfer Denied April 12, 2000.

Steven C. Litz, Monrovia, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Priscilla J. Fossum, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

FRIEDLANDER, Judge

In this interlocutory appeal, Richard Griswold appeals from an order of the trial court denying his second motion to suppress the results of a chemical test of his blood, which was administered after he was involved in an automobile accident that resulted in a fatality.

The following restated issue is presented in this appeal:

> Did the trial court err in determining that Ind.Code § 9–30–7–3 is constitutional and in denying Griswold's second motion to suppress?

We affirm.

The facts most favorable to the trial court's decision are as follows. At approximately 11 p.m. on February 28, 1998, several motorists observed Griswold operating his pickup truck in an erratic manner—weaving from lane to lane without signaling and speeding up and slowing down—as he traveled westbound on U.S. 36. One of the motorists called the Hendricks County Sheriff's Department to report a possible drunk driver. Sergeant Larry Dockery and Deputy Brad Burrell received a radio dispatch about the report of a possible drunk driver, but before they could respond to the dispatch, they received a report of an accident.

Witnesses at the scene of the accident reported that Griswold's pickup truck was traveling westbound on U.S. 36 when Griswold ran a red light without applying his brakes. Griswold's pickup truck struck a passenger car at the intersection of County Road 550 East and U.S. 36. The driver of the passenger car, Dennis Arwood, died at the scene.

Griswold admitted to Deputy Burrell that he was driving his truck at the time of the accident. Griswold told officers that he had not been drinking. Deputy Burrell offered Griswold preliminary drug recognition tests (standard field sobriety tests), including the following: finger-to-nose, ABCs, gaze nystagmus, and walking heel-to-toe. Griswold passed all the tests. He was then transported to the Hendricks County Jail for a breath test, and his Breathalyzer test result was 0.0%. Griswold was then taken to the Hendricks Community Hospital, where his blood was

drawn for a chemical test. Deputy Burrell testified that it is the policy of the Hendricks County Sheriff's Department to require a blood draw whenever there is an accident involving a fatality. The blood test results showed the presence of both marijuana and diazepam.

Griswold was subsequently charged, on September 8, 1998, with causing the death of another person when operating a vehicle while intoxicated,[1] a class C felony. Griswold thereafter filed a motion to suppress the results of the blood analysis, claiming that the investigating officer admitted that he did not have probable cause to believe that Griswold was operating his vehicle while intoxicated. Following a hearing, the trial court entered an order denying the motion to suppress. The order stated in pertinent part:

> This case came before the Court for hearing on the defendant's Motion to Suppress results of blood test. After seeing and hearing the evidence, the Court finds that: the police officer did have reason to believe the defendant operated a vehicle which was involved in a fatal accident; the blood test was drawn pursuant to proper protocol; and that even though the blood sample was taken more than three (3) hours after the accident it should not be suppressed and excluded as evidence. See: *State v. Stamm*, 616 N.E.2d 377 (Ind.App. 2 Dist.1993). I.C. 9–30–7–1 through I.C. 9–30–7–5 provides that statutory guidance for obtaining chemical tests for fatal accidents or accidents involving serious bodily injury....
>
> Accordingly, the Court *denies* the defendant's Motion to Suppress the results of the blood test.

*Record* at 49–50.

Griswold thereafter filed a "Supplemental Motion to Suppress/Notice of Challenge to Constitutionality of I.C. 9–30–7–3", which stated in pertinent part:

> Defendant Richard Griswold, by counsel, hereby supplements his previously-filed, and recently denied, motion to suppress by alleging that the search of his "person" and the seizure of his blood was made in violation of the 4th Amendment, and Art. 1, § 11 of the Indiana Constitution. Additionally, defendant asserts a challenge to the constitutionality of I.C. 9–30–7–3, because it allows seizure of his blood in the complete absence of probable cause to believe his driving was impaired.

*Record* at 8. The trial court, following a hearing, denied the above motion to suppress. In its order, the court stated in pertinent part:

> After seeing and hearing the evidence the Court now *denies* the defendant's Motion to Suppress and finds that I.C. 9–30–7–1 to 9–30–7–5 are constitutional. The Court has previously found that the investigating office[r] had reason to believe the defendant operated a vehicle which had been involved in a fatal accident.

*Record* at 27.

This court granted Griswold's petition to file an interlocutory appeal and accepted jurisdiction of this appeal pursuant to Ind. Appellate Rule 4(B)(6).

Griswold claims on appeal that Ind.Code § 9–30–7–3 "unconstitutionally removes the requirement of probable cause prior to searching an individual involved in a fatal motor vehicle accident." Appellant's Brief at 3. Griswold essentially claims that IC § 9–30–7–3 violates the Fourth Amendment of the United States Constitution and Article 1, § 11 of the Indiana Constitution because it allows the seizure of his blood in the absence of probable cause to believe that he was operating a motor vehicle while intoxicated. Griswold further claims that "[t]he trial court erred in refusing to suppress the results of a blood test given to [him] after he had already tested 0.0 on

---

1. Ind.Code Ann. § 9–30–5–5(a)(3) (West Supp.1999).

a Breathalyzer and showed no signs of drug or alcohol intoxication". *Id.*[2]

■ An act of the legislature is afforded a presumption of constitutionality. *Ruge v. Kovach,* 467 N.E.2d 673 (Ind.1984). The burden of rebutting this presumption is on the challenger, and all reasonable doubts are to be resolved in favor of an act's constitutionality. *Id.*

IC § 9–30–7–3 provides:

(a) A law enforcement officer may offer a chemical test to any person who the officer has reason to believe operated a vehicle that was involved in a fatal accident or an accident involving serious bodily injury.

(b) A law enforcement officer may offer a person more than one (1) chemical test under this section. However, all chemical tests must be administered within three (3) hours after the fatal accident or the accident involving serious bodily injury.

(c) It is not necessary for a law enforcement officer to offer a chemical test to an unconscious person.

■ The trial court did not err in determining that IC § 9–30–7–3 was constitutional and in denying Griswold's second motion to suppress. IC § 9–30–7–3 does not require that a driver involved in a fatal accident or one involving serious bodily injury submit to a chemical test. Rather, it merely provides that an officer may offer a chemical test to anyone the officer has reason to believe operated a vehicle that was involved in a fatal accident or one involving serious bodily injury.[3] Because

IC § 9–30–7–3, standing alone, does not authorize a search or seizure, it cannot be said to violate the constitutional right to be free from unreasonable searches and seizures contained in the Fourth Amendment to the United States Constitution and Article 1, § 11 of the Indiana Constitution.

■ To the extent that Griswold's argument may be construed to be an attack on the constitutionality of chapter seven of the general penalty provisions of the motor vehicle code, which is entitled "Implied Consent in Accidents Involving Serious Injury or Death", Griswold still does not prevail. Chapter seven does not remove the requirement of probable cause prior to searching a person involved in a fatal motor vehicle accident. Rather, it merely establishes a driver's consent to a chemical test when the driver is involved in a fatal accident or one involving serious bodily injury.[4]

■ IC § 9–30–7–2 states that a person who operated a vehicle that was involved in a fatal accident or one involving serious bodily injury must submit to a chemical test offered by a law enforcement officer in order to comply with the state's implied consent law. It provides:

A person who operates a vehicle impliedly consents to submit to the chemical test under this chapter as a condition of operating a vehicle in Indiana. A person must submit to each chemical test offered by a law enforcement officer under this chapter to comply with this chapter.

---

**2.** Griswold stresses in his brief on appeal that the trial court did not make a finding with regard to whether probable cause for the blood draw existed. Nonetheless, there is evidence in the record that could support a finding of probable cause to believe that Griswold was operating a motor vehicle while intoxicated.

**3.** The statute does not confer unbridled discretion upon an officer to offer a chemical test, as Griswold claims. The statute authorizes an officer to offer a chemical test only

when "the officer has reason to believe [the person] operated a vehicle that was involved in a fatal accident or an accident involving serious bodily injury." IC § 9–30–7–3(a).

**4.** A search conducted without a warrant issued upon probable cause is *per se* unreasonable. *State v. Jorgensen,* 526 N.E.2d 1004 (Ind.Ct.App.1988). Nonetheless, "[o]ne of the specifically established exceptions to the requirements of both a warrant and probable cause is a search that is conducted pursuant to consent." *Id.* at 1005.

Thus, IC § 9–30–7–2 merely requires a driver involved in a fatal accident or one involving serious bodily injury to submit to a test offered by a police officer pursuant to IC § 9–30–7–3 in order to comply with the implied consent law in Indiana and to avoid the mandatory sanctions set forth in IC § 9–30–7–5, which states:

> (a) A person who refuses to submit to a chemical test offered under this chapter commits a Class C infraction.

> (b) In addition to any other penalty imposed, the court may suspend the person's driving privileges for a period of not more than one (1) year.

It does not require a driver to submit to a chemical test. By driving his truck on February 28, 1998, Griswold consented to chemical testing in the event that he was involved in an accident involving a fatality or serious bodily injury. Although he would have been sanctioned for refusing the offered test of his blood, Griswold retained the option to refuse to submit to the chemical test. Because chapter seven does not require a search or seizure, it does not violate the right to be free from unreasonable searches and seizures and is therefore not unconstitutional.

We review the denial of a motion to suppress like other sufficiency matters. *Goodner v. State,* 714 N.E.2d 638 (Ind. 1999). "The record must disclose substantial evidence of probative value that supports the trial court's decision. We do not reweigh the evidence and we consider conflicting evidence most favorably to the trial court's ruling." *Id.* at 641.

The evidence in this case was that Griswold drove his truck and crashed into the car being driven by Arwood and that such accident resulted in Arwood's death. IC § 9–30–7–3 authorized Deputy Burrell to offer a chemical test to Griswold under these circumstances. The trial court properly denied Griswold's motion to suppress the results of the chemical test of his blood.

Judgment affirmed.

GARRARD, Sr. J., and DARDEN, J., concur.