Richard COWART, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–0103–CR–124.

Court of Appeals of Indiana.

Oct. 18, 2001.

Thomas N. Leslie, Indianapolis, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, Cecelia K. Hemphill, Deputy Attorney General, Indianapolis, IN, Attorney for Appellee.

## OPINION

MATHIAS, Judge.

Richard Cowart ("Cowart") is charged with two counts of Child Molesting, Class A felonies, one count of Child Exploitation, a Class D felony, Dissemination of Matter Harmful to Minors, a Class D felony, and Possession of Child Pornography, a Class A misdemeanor. Cowart filed a motion to dismiss the two child molesting counts, which alleged that Indiana Code section 35–42–4–3 was unconstitutional. The motion was denied. Cowart appeals raising one issue, which we restate as two:

I. Whether Indiana Code section 35–42–4–3 violates the Privileges and Immunities Clause of Article I, Section 23 of the Indiana Constitution; and

II. Whether Indiana Code section 35–42–4–3 violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

We affirm.

### Facts and Procedural History

On June 5, 2000, a five-count Information was filed against Cowart which alleged that Cowart had committed the following offenses: two counts of Child Molesting, Class A felonies, Child Exploitation, a Class D felony, Dissemination of Matter Harmful to Minors, a Class D felony, and Possession of Child Pornography, a Class A misdemeanor. On January 24, 2001, at a pretrial conference, Cowart's attorney orally moved to dismiss the two child molesting counts on the grounds that Indiana Code section

35–42–4–3 was unconstitutional. The alleged facts underlying the child molesting charges include that Cowart "did perform or submit to deviate sexual conduct, an act involving the sex organ of Richard Cowart and the mouth" of A.C., who was five years old at the time of the offense, and that Cowart "did perform or submit to sexual intercourse conduct" with A.C. Appellant's App. p. 19.

A written Motion to Dismiss was filed on January 26, 2001. The trial court held a hearing on the motion that same day and the motion to dismiss was denied. On February 6, 2001, Cowart filed a Motion to Certify an Order for Interlocutory Appeal. The trial court granted the motion on February 8, 2001, and the proceedings in the trial court were stayed. On March 12, 2001, our court accepted jurisdiction of this appeal.

## I. Indiana Constitutional Challenge

Cowart argues that Indiana Code section 35–42–4–3 is unconstitutional because it provides for harsher punishment for those who commit the crime of child molesting and who are at least twenty-one years old. Indiana Code section 35–42–4–3 provides:

> A person who, with a child under fourteen (14) years of age, performs or submits to sexual intercourse or deviate sexual conduct commits child molesting, a Class B felony. However, the offense is a Class A felony if: (1) it is committed by a person at least twenty-one (21) years of age. . . .

Cowart argues that the age classification in the statute is arbitrary and violates Article I, Section 23 of the Indiana Constitution.

Whether a statute is constitutional on its face is a question of law and we review the matter de novo. *State v. Moss–Dwyer,* 686 N.E.2d 109, 110 (Ind.1997). Legislation under constitutional attack is clothed in a presumption of constitutionality. *Griswold v. State,* 725 N.E.2d 416, 419 (Ind.Ct.App.2000), *trans. denied.* All reasonable doubts must be resolved in favor of an act's constitutionality. *Id.* When a statute can be so construed to support its constitutionality, we must adopt such a construction. *Boss v. State,* 702 N.E.2d 782, 784 (Ind.Ct.App.1998).

Article I, Section 23 provides that "the General Assembly shall not grant to any citizen, or class of citizens, privileges or immunities which, upon the same terms, shall not equally belong to all citizens." In reviewing an alleged violation of the Privileges and Immunities Clause, our supreme court has established a two-part test. First, the disparate treatment accorded by the legislation must be reasonably related to inherent characteristics which distinguish the unequally treated classes. *Collins v. Day,* 644 N.E.2d 72, 80 (Ind.1994). Second, the preferential treatment must be uniformly applicable and equally available to all persons similarly situated. *Id.* Courts must exercise substantial deference to legislative discretion when determining whether a statute complies with Article I, Section 23. *Id.* Also, the burden is on the party challenging the statute to "negative every reasonable basis for the classification." *Id.*

Under the first prong of the test, the classification must inhere in the subject matter. *Id.* at 78. More specifically, this means that

> where the legislature singles out one person or a class of persons to receive a privilege or immunity not equally provided to others, such classification must be based upon distinctive, inherent characteristics which rationally distinguish the unequally treated class, and the disparate treatment accorded by the legislation must be reasonably related to

such distinguishing characteristics. We believe that this requirement incorporates and satisfies the often expressed concerns that such legislative classifications be "just," "natural," "reasonable," "substantial," "not artificial," "not capricious," and "not arbitrary."

*Id.* at 78–79 (citing *Dowd v. Stuckey,* 222 Ind. 100, 104, 51 N.E.2d 947, 948 (1943); *Sch. City of Elwood v. State,* 203 Ind. 626, 635, 180 N.E. 471, 474 (1932); *Sperry & Hutchinson Co. v. State,* 188 Ind. 173, 183, 122 N.E. 584, 587–88 (1919); *Hirth–Krause Co. v. Cohen,* 177 Ind. 1, 10, 97 N.E. 1, 5 (1912); *Barrett v. Millikan,* 156 Ind. 510, 516, 60 N.E. 310, 312 (1901)). Cowart argues that "the State can propose no state interests which it can claim are rationally related to the age discrimination contained in the child molesting statute, i.e., heavier punishment for twenty-one year olds than for eighteen year olds." Br. of Appellant at 7.

As we consider Cowart's argument, we initially note that Indiana has a well-established policy to protect the welfare of children. *State v. J.D.,* 701 N.E.2d 908, 910 (Ind.Ct.App.1998), *trans. denied.* "Crimes against children are contemptible. Therefore, Indiana supports a public policy that protects children and punishes child abusers." *Singer v. State,* 674 N.E.2d 11, 15 (Ind.Ct.App.1996).

In *People v. Reed,* 148 Ill.2d 1, 169 Ill. Dec. 282, 591 N.E.2d 455 (1992), the Illinois Supreme Court considered the constitutionality of statutes similar to the one in this case. In *Reed,* the statutes at issue defined the criminal acts of sexual penetration and sexual conduct with minors between the ages of thirteen and sixteen. The offense was criminal sexual abuse if the perpetrator was less than five years older than the victim, but aggravated criminal sexual abuse if the perpetrator was five or more years older than the victim. *Id.,* 169 Ill.Dec. 282, 591 N.E.2d at 456. The defendant argued that under the statutes the "same conduct is punished differently for individuals similarly situated." *Id.,* 169 Ill.Dec. 282, 591 N.E.2d at 457. To illustrate his point, the defendant noted that a nineteen-year old defendant who engaged in sexual acts with a fourteen-year old victim would be guilty of aggravated criminal sexual abuse punishable by three to seven years in prison, but if the victim were fifteen, the crime would only be punishable by one year in prison. *Id.*

The Illinois Supreme Court held that there is a rational basis for punishing sex offenders five or more years older than their victims more severely than those closer in age to their sexual partners. *Id.,* 169 Ill.Dec. 282, 591 N.E.2d at 459. In holding that the statute was not unconstitutional, the court stated:

> We agree with the State that what may be considered sexual experimentation by a 15–year–old girl and her 18–year–old boyfriend may be sexual exploitation if the boyfriend is 20. Because of the significant difference in levels of intellectual and emotional maturity, an age difference of five or more years between an adult and his or her minor sexual partner may in itself constitute overreaching. When young sexual partners are less than five years apart in age, their levels of maturity are more nearly equal and the opportunity for overreaching is diminished.... [T]he statute recognizes that age disparity increases the likelihood that a minor will succumb to an adult's sexual overtures.

*Id.*[1]

Of course, Indiana's statute is even more specific than the Illinois statute considered

---

1. *See also, Wright v. State,* 739 So.2d 1230, 1232 (Fla.Dist.Ct.App.1999) (where the Flori-

in *Reed*, but the arguments are similar. Here, the State argues that a person who is at least twenty-one years old should be more mature than an individual in the younger class and have a greater understanding of the culpability of his actions. Additionally, the State contends that the greater age difference between the perpetrator and the victim arguably intensifies the fear of the victim; therefore, the older class should be punished more severely.

In his argument, Cowart relies primarily on *Dowd v. Stuckey*, 222 Ind. 100, 104, 51 N.E.2d 947, 948 (1943), in which our supreme court considered a statute which provided that if a "person upon parole from this institution for younger prisoners [the Indiana Reformatory] is found guilty of a new crime, he shall serve his original sentence before serving the new sentence, while one who was convicted first when he was above the age of thirty, and who is convicted of a new crime while on parole, shall serve the sentences concurrently." *Dowd*, 222 Ind. at 104, 51 N.E.2d at 948.

In *Dowd*, our supreme court found that there was "no rational basis for the discrimination against, and heavier penalties, for those in the lower age group." *Id.* The State suggested that members of the younger group were more susceptible to reformation and there was a justification for threatening them with greater penalties. *Id.* at 104, 51 N.E.2d at 948. The court found that there was no rational basis for punishing younger offenders more severely than older offenders and concluded that there was a sound basis for the opposing view that penalties should be less severe for younger individuals found guilty of

crimes. *Dowd*, 222 Ind. at 105, 51 N.E.2d at 948.

*Dowd* does not support Cowart's argument here. In fact, Cowart is making precisely the opposite argument from that put forward by the youthful offender in *Dowd*. Cowart is arguing that an older and arguably more mature person found guilty of child molesting should not be punished more severely than a younger person found guilty of the same conduct. In *Dowd*, our supreme court clearly recognized that age classifications may be proper, even though the age classification in the statute at issue in *Dowd* was unconstitutional, and expressed the belief that penalties should be less severe for younger offenders. This is precisely what the statute at issue in this case, Indiana Code section 35–42–4–3, does.

■ Cowart also relies on *Helton v. State*, 624 N.E.2d 499, 512 (Ind.Ct.App. 1993), *trans. denied.* In *Helton*, we stated that "[a] statute which prescribes different punishments or different degrees of punishment for the same conduct committed under the same circumstances by persons similarly situated violates the equal protection clause." *Id.* at 512. Cowart argues that Indiana Code section 35–42–4–3 violates the Privileges and Immunities Clause on its face by prescribing different degrees of punishment for the same conduct depending on the age of the perpetrator.

Under this statute, there are two age classifications, those individuals under the age of twenty-one and those who are at least twenty-one years old. As stated

---

da Court of Appeals held that a statute that makes it a second degree felony for a person twenty-four years old or older to engage in sexual activity with a person sixteen or seventeen years of age does not violate the Equal Protection Clause because the statute is reasonably related to the goal of protecting mi-

nors from sexual exploitation by adults as persons in this group are "more likely than others to understand the consequences of their actions and to cause harm to minors who cannot appreciate the seriousness of their activities").

above, individuals who have attained the age of twenty-one are likely to have a greater maturity level and understanding for the consequences of their actions. The age twenty-one classification dividing line also accommodates, to some extent, high school and college age dating relationships. *See Reed,* 169 Ill.Dec. 282, 591 N.E.2d at 459. Cowart's argument that those individuals who are at least twenty-one years old are "similarly situated" to those who are less than twenty-one years old and commit the same conduct is rather disingenuous in light of the twenty-nine year age difference between himself and the alleged victim in this case. Thus, under the first requirement of the *Collins* test, we hold that increased punishment for child molesters who are at least twenty-one years old is reasonably related to the inherent characteristics which distinguish the two age groups at issue.

Under the second requirement of the *Collins* test, the disparate treatment must be applied equally and evenly to all those within the classification. Under Indiana Code section 35–42–4–3, all individuals who are at least twenty-one years old are subject to a more severe penalty based upon the age classification. As the statute applies equally to all persons who are at least twenty-one years old, there is no unconstitutionally disparate treatment among those who fall within the classification.

## II. Federal Constitutional Challenge

 Cowart also argues that the statute violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution. Age is not a suspect classification under the Equal Protection Clause. *Kimel v. Fla. Bd. of Regents,* 528 U.S. 62, 63, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000). States may discriminate on the basis of age without offending the Fourteenth Amendment if the age classification at issue is rationally related to a legitimate state interest. *Id. See also, Sobieralski v. City of South Bend,* 479 N.E.2d 98, 100 (Ind.Ct.App.1985), *trans. denied.* The Equal Protection Clause "does not reject the government's ability to classify persons or 'draw lines' in the creation and application of laws, but it does guarantee that those classifications will not be based on impermissible criteria or arbitrarily used to burden a group of individuals." *Phelps v. Sybinsky,* 736 N.E.2d 809, 818 (Ind.Ct.App.2000), *trans. denied* (citing 3 Ronald D. Rotunda & John E. Nowak, *Treatise on Constitutional Law* § 18.2, at 208 (3d ed.1999)).

We believe that the General Assembly could properly conclude that individuals who are at least twenty-one years old are more mature and have a greater understanding of the consequences of their actions than eighteen-year olds. Also, where there is a wider age disparity between the victim and the perpetrator, there is a greater likelihood that the victim will acquiesce in the perpetrator's sexual overtures because of misplaced confidence or fear of the perpetrator. We therefore hold that the age classification at issue in this case is rationally related to one of the highest and most legitimate state interests: the protection of children. Accordingly, Indiana Code section 35–42–4–3 does not violate the Equal Protection Clause.

## Conclusion

Indiana Code section 35–42–4–3, which provides that persons who are at least twenty-one years old and commit the crime of child molesting may be convicted of a Class A felony, does not violate Article I, Section 23 of the Indiana Constitution or the Equal Protection Clause of the United

States Constitution.[2]

We affirm.

DARDEN, J., and VAIDIK, J., concur.

---

**2.** In addition to his argument that Indiana Code section 35–42–4–3 is unconstitutional, Cowart argues that the offending portion of the statute is non-severable, so the entire statute should be invalidated. *See* Ind.Code § 1–1–1–8 (1998). Because we hold that the statute is constitutional, we need not reach this argument.