Marc AVANT, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–0111–CR–783.

Court of Appeals of Indiana.

Nov. 20, 2002.

Timothy J. Miller, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Zachary J. Stock, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

FRIEDLANDER, Judge.

In this interlocutory appeal from the denial of his motion to dismiss, Marc Avant challenges the constitutionality of Ind.Code Ann. § 35–48–4–8.3 (West 1998). Avant presents the following consolidated, restated issue for review: Are the penalties disproportional for the offenses set out in I.C. § 35–48–4–8.3(a) and (c), thereby rendering the statute unconstitutional?

We affirm.

The underlying facts in this cause are brief. At 7:45 p.m. on October 16, 2001, Officer Linda Dulaney was dispatched to the parking lot of a retail establishment in Indianapolis to investigate a reported fight. When she and Officer Greg Williams arrived, they saw a fight in progress. One of the combatants was Avant. They observed that Avant was unsteady on his feet, his eyes were bloodshot, his clothes were disheveled, and he was belligerent toward the officers when they approached. The officers arrested Avant for public intoxication. A search incident to the arrest revealed the presence of what they suspected to be a crack pipe in Avant's right shoe. The pipe was sent to the police lab, where subsequent tests proved positive for cocaine residue.

The next day, a criminal information was filed against Avant alleging reckless possession of paraphernalia, a class A misdemeanor under I.C. § 35–48–4–8.3(c). On October 26, 2001, Avant filed a motion to dismiss the charge because of the "faulty statutory construction" of the statutory provision from which it emanates. The court denied the motion. Avant filed a motion asking the court to certify its ruling for interlocutory appeal, and the trial court granted the motion. This court accepted jurisdiction of the case on February 4, 2002.

[1–3] We are called upon to determine the constitutionality of I.C. § 35–48–4–8.3. This presents a pure question of law, and we conduct a de novo review of the matter. *State v. Moss–Dwyer*, 686 N.E.2d 109 (Ind.

1997). The statute in question here, as is the case with all legislation under constitutional attack, is clothed in a presumption of constitutionality. *Cowart v. State,* 756 N.E.2d 581 (Ind.Ct.App.2001), *trans. denied.* We will resolve all reasonable doubts in favor of the statute's constitutionality. *Id.* If a statute can be construed in such a way as to support its constitutionality, we must adopt that construction. *Id.*

Avant contends that I.C. § 35–48–4–8.3 violates Article 1, § 16 of the Indiana Constitution, which provides, "All penalties shall be proportioned to the nature of the offense." Avant's argument focuses upon the classification of two similar but different offenses defined in the statute. He notes that under subsection (a) of the statute, "A person who possesses a raw material, an instrument, a device, or other object that the person intends to use ... in violation of this chapter commits a Class A infraction for possessing paraphernalia." He contrasts that provision with subsection (c), which defines the offense that he is alleged to have committed and provides as follows: "A person who recklessly possesses a raw material, an instrument, a device, or other object that is to be used primarily for ... in violation of this chapter commits reckless possession of paraphernalia, a Class A misdemeanor." Avant contends that the offense defined in subsection (a) is a more serious offense because the mental element allegedly reflects higher culpability (intentionally versus recklessly), but is classified as a lesser offense (class A infraction versus class A misdemeanor) than the offense defined under subsection (c). According to Avant, this discrepancy renders the statute unconstitutional. The State counters that the term "recklessly" as used in I.C. § 35–48–4–8.3(c) refers to the manner of possession, not mens rea. Thus, the State's conclusion is the converse of Avant's, i.e., that

the offense defined in subsection (a) is a lesser-included offense of the offense defined in subsection (c). We note that no Indiana appellate court has yet addressed the constitutionality of I.C. § 35–48–4–8.3. Therefore, this is a question of first impression.

 The crux of the matter before us has been ably delineated by the parties on appeal. The question essentially is, did the legislature intend, "A person recklessly possesses," to describe the alleged offender's mens rea, or to describe the manner in which the alleged offender possessed the paraphernalia? The first step in interpreting any statute is determining whether the legislature has spoken clearly and unambiguously on the point in question. *Rheem Mfg. Co. v. Phelps Heating & Air Conditioning, Inc.,* 746 N.E.2d 941 (Ind.2001). That task begins with an examination of the language used in the statute. *Sales v. State,* 723 N.E.2d 416 (Ind.2000). If a statute is clear and unambiguous, we need not apply any rules of construction other than to require that words and phrases be taken in their plain, ordinary, and usual sense. *Rheem Mfg. Co. v. Phelps Heating & Air Conditioning, Inc.,* 746 N.E.2d 941. If, on the other hand, a statute is found to be ambiguous, then we must apply well-established rules of construction to resolve the ambiguity. A statute is ambiguous when "it is susceptible to more than one interpretation." *Id.* at 947 (quoting *In re Lehman,* 690 N.E.2d 696, 702 (Ind.1997)). We conclude that the meaning of "recklessly," as used in this statute, is ambiguous.

 When an ambiguity compels application of the rules of statutory construction, our goal is to determine, give effect to, and implement the intent of the legislature. *Sales v. State,* 723 N.E.2d 416 (Ind. 2000). We examine the statute as a whole

and "avoid excessive reliance on a strict literal meaning or the selective reading of individual words." *Id.* at 420. We presume that the legislature intended the language employed in the statute to be applied logically and not to bring about an unjust or absurd result. *Id.* The meaning of a penal statute is strictly construed against the State, but will not be read so narrowly as to exclude cases it fairly covers. *Id.*

This court has previously indicated that a criminal statute runs afoul of the Indiana Constitution if it prescribes a sentence for a lesser offense that is greater than a sentence it prescribes elsewhere in the same statute for a greater offense. *See Gullett v. State,* 157 Ind.App. 120, 299 N.E.2d 190, 191 (1973) ("our courts have no jurisdiction to punish a lesser-included offense with greater severity than the higher offense, because to do otherwise would violate Art. 1, § 16 of the Indiana Constitution") (quoting *Landaw v. State,* 258 Ind. 67, 279 N.E.2d 230, 231 (1972)). We note as an aside that in *Gullett,* the court indicated that the appropriate corrective action when a defendant has received a sentence for a lesser offense that is greater than that prescribed for the greater offense, is not to reverse the conviction and dismiss the charge. Rather, the court indicated that the defendant should receive the sentence prescribed for the greater offense. It stands to reason that the same would be true here if we were to hold that I.C. § 35–48–4–8.3 is constitutionally defective in the manner urged by Avant. That is, the appropriate remedy would not be to dismiss the charge, but instead to limit the maximum sentence for a conviction under I.C. § 35–48–4–8.3(c) to the same as that for a conviction under I.C. § 35–48–4–8.3(a). Be that as it may, contrary to Avant's argument, we conclude that subsection (c) is not a lesser-included offense of the offense defined in subsection (a), and therefore that the statute does not run afoul of Article 1, Section 16.

Subsections (a) and (c) differ in two notable respects. First, they differ with respect to the character of the possession, which we will discuss more fully below. Second, they differ with respect to the nature of the object possessed. We begin our analysis there. Subsection (a) provides that it is a criminal offense to possess an object "that the person intends to use" for taking drugs. Subsection (c), on the other hand, criminalizes possession of an object "that is to be used primarily for" taking drugs. Thus, a person would violate subsection (a) by possessing an object that he intended to use in taking drugs, regardless of whether the object would be innocuous in a different context. The person's intent—not the intrinsic nature of the object—is the critical element. On the other hand, possession of, for example, a crack pipe would constitute a violation of subsection (c), regardless of whether a person then harbored an intent to use it to take drugs. Thus, the difference between subsections (a) and (c) in this respect is that (a) focuses on the possessor's intent to use, whereas (c) focuses on the nature of the object itself.

With this in mind, we proceed to a consideration of the differences in the character of the respective possessions defined in subsections (a) and (c). The character of the possession proscribed in section (a) is straightforward: possession with intent to use. The character of the possession proscribed in subsection (c) depends upon the meaning of "recklessly." Indiana's criminal code defines "recklessly" as follows: "A person engages in conduct "recklessly" if he engages in the conduct in plain, conscious, and unjustifiable disregard of harm that might result and the disregard involves a substantial deviation from accept-

able standards of conduct." Ind.Code Ann. § 35–41–2–2 (West 1998). Mindful that the gravamen of the offense defined in subsection (c) centers upon the nature of the object possessed, the definition set out in I.C. § 35–41–2–2 suggests to us that, in this context, possession of such an object "recklessly" is more culpable than possessing it "intentionally."

This court recently discussed the meaning of "recklessly" in I.C. § 35–48–4–8.3(c). *See Bocko v. State,* 769 N.E.2d 658 (Ind.Ct. App.2002). Although Avant would have us reject *Bocko* as authority for the meaning of "recklessly" on the ground that it was discussed in the context of a challenge to the sufficiency of the evidence, we believe the court squarely addressed the topic in such a way as to be applicable here. *See, e.g., id.* at 663 ("[i]t does not appear that our courts have addressed the recklessness standard in the context of possession of drug paraphernalia"). In *Bocko,* the defendant was arrested after security officers observed what they believed to be a drug transaction between him and another man. Officers recovered from the suspects small bags containing what appeared to be illegal drugs, and then placed the defendant under arrest. A subsequent search of the defendant's person revealed a straw and a plastic bag in one of his pockets. Both items were coated with white residue. Bocko was eventually charged with and convicted of, among other things, reckless possession of drug paraphernalia under I.C. § 35–48–4–8.3(c).

He challenged the sufficiency of the evidence supporting that conviction. Although this court cited the definition of "reckless" in Indiana's culpability statute, Ind.Code Ann. § 35–41–2–2 (West 1998), the discussion that followed did not focus upon mens rea. Rather, it centered on the manner of possession that characterized

"reckless" possession. We find the following excerpt most revealing in this regard:

> Bocko notes there is no evidence the straw was ever out of his pocket until the police removed it. Neither was there evidence of the harm that might result from his possession of the straw in his pocket, nor that his possession of the straw showed his disregard of the harm that might result from his conduct or that it involved a substantial deviation from acceptable standards of conduct. Rather, the evidence demonstrated only that Bocko possessed the straw. *Mere possession without a showing of recklessness is a Class A infraction* [pursuant to] Ind.Code § 35–48–4–8.3(a).

*Bocko v. State,* 769 N.E.2d at 663 (emphasis supplied). The highlighted portion indicates that, consistent with the State's argument, the offense defined in subsection (a) is a lesser-included offense of the offense defined in subsection (c).

We agree with the foregoing principle that was implied, if not explicitly stated, in *Bocko.* That is, to obtain a conviction under subsection (c) requires *more than* a mere showing of possession such as would be sufficient to obtain a conviction under subsection (a). Our conclusion in this regard is not only consistent with the holding in *Bocko,* but also avoids an interpretation that would yield a nonsensical result. If the statute were interpreted as Avant suggests, then a person could be convicted of illegally possessing an object that he did not knowingly possess. The more reasonable interpretation, and the one we adopt, is that under both subsection (a) and (c), the defendant must knowingly possess an object. But to be convicted under subsection (c), the defendant must also possess the object in a reckless manner.

In summary, we hold that "recklessly" in I.C. § 35–48–4–8.3(c) describes the manner of possession, and therefore that the

offense defined in subsection (c) is not a lesser-included offense of the offense defined in subsection (a). Rather, we hold that subsection (a) is a lesser-included offense of subsection (c). It follows that the classification and punishment of the offense set out in subsection (c) as a greater offense than that defined in subsection (a) does not violate Article 1 § 16 of the Indiana Constitution. The trial court did not err in denying Avant's motion to dismiss.

Judgment affirmed.

NAJAM, J., and SHARPNACK, J., concur.